**Harold Earl WILSON, Appellant,**

v.

**Veronica WILSON, Appellee.**

No. 01–02–00736–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 26, 2004.

Raymond M. Hill, Raymond M. Hill & Associates, Houston, TX, for Appellant.

Frederick K. Wilson, Houston, TX, for Appellee.

Panel consists of Justices TAFT, KEYES, and BLAND.

## OPINION

JANE BLAND, Justice.

Appellant Harold Wilson submits a restricted appeal from a default divorce judgment rendered in favor of appellee Veronica Wilson. We conclude that the evidence is factually insufficient to support the trial court's "just and right" division of the community estate and therefore reverse and remand for a new trial.

### Facts

Veronica Wilson petitioned for a divorce from Harold Wilson. The clerk issued citation and an officer personally served Harold Wilson with suit papers. Harold Wilson never filed an answer. On New Year's Eve of 2001, the trial court held a default judgment hearing, at which Veronica Wilson testified as the sole witness. The trial court admitted no exhibits.

With respect to the division of the marital estate, Veronica Wilson initially testified:

Q. You're also asking the Court to award you the division of the property as shown in the decree that's in front of the Court and a copy of which I am handing you; is that correct?

A. That's correct.

Q. And in that decree *his* estate is about $1.2 million; is that correct?

A. Yes.

Q. And you're asking for approximately half of the estate?

A. Yes.

(Emphasis added). The questions continue in the same vein: "You're asking that [personal property, clothing, jewelry, bank accounts, vehicles] be awarded to you," each to which Veronica Wilson responds, "Yes." Counsel adds: "And you're asking for a judgment against him of $275,000?" Veronica Wilson again responds affirmatively. Finally, Veronica Wilson acknowledges that "the rest of the property" is to be awarded to her husband.

After prompting from the trial court, counsel expanded on this testimony with the following:

Q. *You* have approximately what *you* aggregate a total of about $1.2 million in assets? [sic]

A. Yes.

Q. Of that roughly $300,000 was the house?

A. Yes.

Q. The rest is all notes, land and CDs; is that correct?

A. Yes.

Q. You're asking for the bank account that's in your name?

A. Yes.

Q. That's about $100,000?

A. Yes.

Q. And then you're asking for about two point—$275,000 dollar judgment against him for the other half of the reasonable value of the estate to be awarded to you; is that correct?

A. Yes.

(Emphasis added).

After this colloquy, the trial court asked: "Sir, what authority do I have as the Court to grant a judgment instead of simply awarding assets to her in the amount sufficient for that?" Counsel responded: "A cash award to make an equal division of the estate based—also we have testified as to cruelty an [sic] unequal division but to make a division of the estate awarding her a judgment." The court then stated, "And you've obviously written this decree and you believe that the language contained in the decree is sufficient for the relief you're requesting?" to which counsel represented "I do."

Several days later, the trial court signed a final divorce decree, containing a "Division of the Marital Estate" subsection. In it, the trial court awarded Veronica Wilson a specifically identified piece of real property, household furnishings and fixtures, any pension benefits relating to her past or future employment, "any and all sums of cash in the possession of or subject to the sole control of Petitioner," securities in her name, two vehicles, and "$275,000 payable by Harold Earl Wilson to Veronica Wilson on the day of divorce, by cash, cashier's check, or money order for which this Court grants a judgment against Harold Wilson in the amount of $275,000, and for which let execution issue." The decree awards Harold Wilson furniture and fixtures in his sole possession or control, his pension benefits, securities in his name, a vehicle, and real property described as

land in Waller County, a condominium unit in Jefferson County, and "land and improvement" on Exchange Street in Harris County. The decree also awards a "Promissory Note and Deed of Trust from Word of Love Church in the original amount of $254,000 dated 9–17–98."

Harold Wilson does not dispute that he was served with process and failed to appear. He alleges, however, that he did not receive notice of the final default hearing date, nor of entry of the final judgment. Having failed to file a motion for new trial, he appeals by restricted appeal, contending that (1) his failure to receive notice of the default judgment hearing warrants reversal, and (2) the record is factually insufficient to support the division of assets in the final decree of divorce.

## Restricted Appeal

A direct attack on a judgment by restricted appeal must (1) be brought within six months after the trial court signs the judgment, (2) by a party to the suit, (3) who did not participate in the actual trial, and (4) the error complained of must be apparent on the face of the record. Tex. R.App. P. 30; *Norman Communications v. Texas Eastman Co.,* 955 S.W.2d 269, 270 (Tex.1997). The "face of the record" consists of all the papers on file in the appeal, including the statement of facts. *Id.* In addition to citation and service issues, a restricted appeal confers jurisdiction upon the appellate court to review whether the evidence is legally and factually sufficient to support the judgment. *Id.*

## Notice

A defendant who makes an appearance following service of process is entitled to notice of the trial setting as a matter of constitutional due process. *Peralta v. Heights Med. Ctr., Inc.,* 485 U.S. 80, 86, 108 S.Ct. 896, 899–900, 99 L.Ed.2d 75,

(1988); *LBL Oil Co. v. Int'l Power Serv., Inc.,* 777 S.W.2d 390, 390–91 (Tex.1989). The same is not true if the defendant fails to answer or otherwise appear. The law imposes no duty on the plaintiff to notify a defendant before taking a default judgment when he has been served properly with the citation and petition, and nonetheless has failed to answer or otherwise appear. *See Brooks v. Assoc. Fin. Servs. Corp.,* 892 S.W.2d 91, 94 (Tex.App.-Houston [14th Dist.] 1994, no writ). It is undisputed that Harold Wilson received service of process and did not appear. He does not contest the propriety of the citation or the method of service. He thus has failed to show error on the face of the record regarding his claim that he had no notice of the trial setting.

Having concluded that Harold Wilson has not shown error on the face of the record regarding notice, we turn to his complaint that the record is factually insufficient to support the division of property in the final decree of divorce. *See Norman Communications,* 955 S.W.2d at 270.

## Division of Marital Property

The standard of review for property division issues in family law cases is abuse of discretion. *See Schlueter v. Schlueter,* 975 S.W.2d 584, 589 (Tex.1998). A trial court has broad discretion in dividing the "estate of the parties," but must confine itself to community property. *Eggemeyer v. Eggemeyer,* 554 S.W.2d 137, 139 (Tex.1977). If a court of appeals finds reversible error that materially affects the trial court's "just and right" division of property, then it must remand the entire community estate for a new division of the property. *Jacobs v. Jacobs,* 687 S.W.2d 731, 733 (Tex.1985) (remanding to trial court for new division of community estate when court of appeals found portion of division lacked evidentiary support). In

reviewing the factual sufficiency of Veronica Wilson's affirmative claims, for which she has the burden of proof, we examine all the evidence in the record, including any evidence contrary to the judgment, to determine if the challenged finding is so weak as to be clearly wrong and manifestly unjust. *See Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986).[1] If the division of marital property lacks sufficient evidence in the record to support it, then the trial court's division is an abuse of discretion. *See Sandone v. Miller–Sandone,* 116 S.W.3d 204, 208 (Tex.App.-El Paso 2003, no pet.) (holding that trial court abused its discretion in dividing property because there was no evidence of community estate's value); *see also Mai v. Mai,* 853 S.W.2d 615, 618 (Tex.App.-Houston [1st Dist.] 1993, no writ) (legal and factual sufficiency are relevant factors in assessing whether trial court abused its discretion).

 Harold Wilson first contends that neither he nor his wife works and that the bulk—if not all—of the estate stems from a personal injury settlement he received after sustaining serious personal injuries, including an amputated leg. A spouse's recovery for personal injuries during marriage is generally that spouse's separate property. Tex. Fam.Code Ann. § 3.001(3) (Vernon 1998). Portions of a personal injury award may, however, belong to the community estate, including

damages for lost wages, medical expenses, and other expenses associated with the injury to the community estate. *Id.; Osborn v. Osborn,* 961 S.W.2d 408, 414 (Tex. App.-Houston [1st Dist.] 1997, pet. denied). In this case, the facts surrounding the accident and personal injury lawsuit are largely absent from the trial court record. Veronica Wilson testified at a hearing regarding temporary orders that Harold Wilson received "a fair amount of money when he had a leg crushed." Veronica Wilson moreover acknowledges the settlement in her brief, but contends that her husband co-mingled the separate property. To speculate as to the settlement and what happened to its proceeds necessarily would require us to look for error outside the face of the record. Rule 30 and the cases interpreting it stringently require that a direct attack by restricted appeal may not rely on such extra-record speculation. *See* Tex.R.App. P. 30; *Norman Communications,* 955 S.W.2d at 270. Thus, we decline to address Harold Wilson's arguments about the amount of his personal injury settlement and its purported characterization as separate property.[2]

The evidence that is apparent on the face of the record, however, is sparse and inconsistent. In her testimony, Veronica Wilson fails to identify the amount of the *community* estate. Initially, she testifies that the value of *"his"* estate "in the decree" is $1.2 million. Later, she agrees

---

1. Harold Wilson's initial brief complained about a lack of evidence to support the default judgment, though he did not use legal or factual sufficiency as specific terms in his "issues presented." In his reply brief, he clarified the "central issue" to be "want of evidence sufficient to enable the court to exercise discretion in division of the marital estate."

2. In his brief, Harold Wilson complains of "extrinsic fraud" and provides a set of "supplemental" materials that are not part of the trial court record. Extrinsic fraud necessarily

requires evidence not found in the record. *See Montgomery v. Kennedy,* 669 S.W.2d 309, 312 (Tex.1984). Any collateral attack on the judgment requiring evidence outside the record must be brought by a bill of review in the trial court and not by restricted appeal. *Id.* Moreover, it is well-settled that an appellate court reviewing a restricted appeal may not consider supplemental materials *not found in* the trial court record. *See* Tex.R.App. P. 30; *Norman Communications,* 955 S.W.2d at 270. We therefore deny Harold Wilson's motion to supplement the record.

that *"you* have approximately what *you* aggregate [sic] total $1.2 million." She fails to identify a referent to the pronoun "you." She never defines the assets of the community estate, nor describes them with any particularity, other than a home worth $300,000, two vehicles, and a $100,000 bank account. She fails to identify at all what "the rest of the property" is that she seeks to have awarded to her husband. Finally, she testifies that she is entitled to a money judgment against her husband for her share of "the rest" of these unidentified and unvalued assets. Her testimony regarding the rough $1.2 million figure is subject to conflicting inferences—"his," or "yours," or perhaps even "theirs." Given the dearth of evidence identifying, describing, and valuing the community estate, we hold that there is insufficient evidence to support the division of assets. *See O'Neal v. O'Neal,* 69 S.W.3d 347, 350 (Tex.App.-Eastland 2002, no pet.) (reversing default judgment in restricted appeal because record contained no evidence as to value of any property divided by trial court, no evidence of any improvements to land, and no evidence as to whether land was separate or community property).

█ The final decree of divorce illustrates this lack of affirmative proof—for it does not match up with Veronica Wilson's testimony. The decree refers to specific pieces of land, a promissory note, and other assets never described or valued for division during Veronica Wilson's testimony. More importantly, it assesses a $275,000 personal money judgment against the defaulting defendant without any testimony upon which to base such an award. A just and right division of assets generally does not include an additional money judgment, absent evidence that a spouse secreted specific assets that properly belonged to the community estate. *See Schlueter,* 975 S.W.2d at 588. The evidence presented at the default judgment hearing fits none of the criteria for such an award. *See O'Neal,* 69 S.W.3d at 350 (noting that legal description contained in decree is not itself evidence and that conclusory testimony that decree was fair and equitable was not sufficient to support judgment).[3] Moreover, the allegations in a petition for divorce are not admitted by a defaulting defendant—unlike other civil cases in which a defaulting defendant is presumed to admit the petition's allegations regarding liability and liquidated damages. Tex. Fam.Code Ann. § 6.701 (Vernon 1998); *see Sandone,* 116 S.W.3d at 207 (petition for divorce may not be taken as confessed if respondent does not file answer). Without sufficient evidence, we cannot sustain the division of assets in the final divorce decree.

### Child Support

The final decree of divorce awards $2,000 per month in child support to Vero-

---

**3.** On appeal, Veronica Wilson relies upon evidence presented at a temporary injunction hearing to support the division of assets contained in the final decree of divorce. Her testimony from the earlier temporary injunction hearing, however, was never offered at the default judgment hearing. The reporter's record reveals that two different associate judges heard these matters. Testimony from earlier ancillary proceedings in the case must be offered at the trial to be considered as evidence in support of final affirmative relief. *See May v. May,* 829 S.W.2d 373, 376 (Tex. App.-Corpus Christi 1992, writ denied) (hold-ing that trial court may not judicially notice testimony taken at prior hearing in same case with respect to temporary orders); *Ex parte Turner,* 478 S.W.2d 256, 258 (Tex.Civ.App.-Houston [1st Dist.] 1972, no writ) (holding that trial court cannot judicially notice previous testimony). Moreover, we have reviewed the testimony from the temporary injunction hearing and conclude that it provides no sufficient evidentiary basis for the division of community assets in the final decree of divorce—particularly, the $275,000 personal money judgment.

nica Wilson. Harold Wilson contends that insufficient evidence supports the child support award. Given our holding that insufficient evidence supports the division of the community estate, we remand the child support determination to the trial court, as such a claim may be "materially influenced" by the property division, and we should not substitute our discretion for that of the trial court. *See Jacobs*, 687 S.W.2d at 732; *see also O'Neal*, 69 S.W.3d at 350 (reversing default judgment in restricted appeal and remanding both the child support and division of the estate to the trial court).

## Conclusion

A default judgment stands against defenses that could have been raised and were not, but one granting affirmative relief will not stand without affirmative proof to support it. Here, the evidence is insufficient to support the division of assets in the final decree of divorce. We therefore reverse the trial court's decree of divorce with respect to the division of the community estate of the parties and the child support award and remand the case to the trial court for a new trial on these issues. We affirm the decree of the trial court in all other respects. We deny Harold Wilson's motion to supplement the record.