Opinion issued June 2, 2005 










In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01249-CV




JOSEPH ANTHONY THOMAS, Appellant

V.

NICOLE D. LOVEJOY-THOMAS, Appellee

* * *

NICOLE D. LOVEJOY-THOMAS, Appellant

V.

JOSEPH ANTHONY THOMAS, Appellee




On Appeal from the 310th District Court 
Harris County, Texas
Trial Court Cause No. 2002-06961




MEMORANDUM OPINION
          Nicole D. Lovejoy-Thomas (“Lovejoy”) sued Joseph Anthony Thomas
(“Thomas”) for divorce and also asserted various tort claims, including assault and
intentional infliction of emotional distress. Thomas appeals the jury finding in favor
of Lovejoy on her claim of intentional infliction of emotional distress and the jury’s
award of $14,400 in damages on that claim. Lovejoy appeals the trial court’s award
of certain investment accounts to Christopher Thomas, the minor child of Lovejoy
and Thomas, as his separate estate. We affirm in part and reverse and render in part. 
BACKGROUND
          In this acrimonious divorce proceeding, the child-custody issues were tried to
a jury, as were Lovejoy’s tort claims, and the property-division issues were tried to
the court. The trial court submitted the following jury questions, over Thomas’s
objection, on intentional infliction of emotional distress:
Question (1).Do you find by a preponderance of the evidence that
Joseph Anthony Thomas intentionally inflicted
emotional distress upon Nicole Lovejoy-Thomas? 

                                         YES______; NO______
 
Question (2).If you find by a preponderance of the evidence that
Joseph Anthony Thomas intentional infliction of
emotional distress [sic]


 Nicole Lovejoy-Thomas,
what sum of money if now paid in cash, would fairly
and reasonable compensate Nicole Lovejoy-Thomas
for the future actual damages in the future, if any,
resulting from the conduct, if any, in question? 
(Emphasis added.)

                                         $_______________

The jury answered “Yes” for the first question and answered “$14,400.00” for the
second question. 
          During the bench trial on the property division, Lovejoy introduced into
evidence exhibit P20, which was her inventory of the community property to be
divided. Exhibit P20 showed two American Express accounts: number 116 . . ., with
a value of $114,211, and an account listed as “American Express, New Dimensions
Account (Christopher),” but showing no account number, with a value of $42,928. 
Lovejoy testified that the first account was an IRA account that she had set up in
about 1982 and had, since that time, regularly contributed to it. She testified that she
had set up the American Express New Dimensions Account to “put aside some money
for Christopher’s college education.” She further testified that the account was not
set up as a trust, but that “the paperwork refers to Christopher as beneficiary in
education” and that it had been listed that way for “tax reasons.” The “paperwork”
on the account was not offered into evidence.
          In the final decree of divorce, the trial court made the following award: 
IT IS ORDERED AND DECREED by the Court that the child,
CHRISTOPHER MICHAEL THOMAS is hereby awarded the
following as the child’s sole and separate property and estate, subject to
the joint management of Petitioner and Respondent, the following
property: 

                    . . . .
 
b.American Express New Dimensions Account No. Fund
(B), INDBX 004 . . . , INCLUDING INDBX 002 . . . .


 

The final decree also awarded Lovejoy $14,400 as damages for intentional infliction
of emotional distress to be paid by Thomas. 
DISCUSSION
Thomas’s Appeal
          In two issues, Thomas challenges the legal sufficiency of the evidence to
support a finding of intentional infliction of emotional distress, and in a third issue,
he challenges the legal and factual sufficiency of the evidence to support the damage
award. He argues that there is no evidence to support the award of $14,400 for future
damages resulting from Thomas’s conduct. We consider only Thomas’s third issue
as dispositive of his appeal. We review Thomas’s issue under the usual no-evidence
standard of review. See Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983);
Seideneck v. Cal Bayreuther Assocs., 451 S.W.2d 752, 755 (Tex. 1970); Vannerson
v. Vannerson, 857 S.W.2d 659, 666 (Tex. App.—Houston [1st Dist.] 1993, writ
denied) 
          Lovejoy testified about the tension, hostility, disagreements, and physical
altercations between herself and Thomas. She testified that Thomas was mentally
abusive and that he degraded and demeaned her and told her she was an unfit mother
and that she was bi-polar. She further testified that Thomas’s words and actions made
her feel horrible, nauseated, used, and humiliated. When asked by her counsel
whether she believed that her cause of action for intentional infliction of emotional
distress entitled her to some money if the jury felt that she was wronged, she
answered, “I do believe that.” However, she did not testify that, because of Thomas’s
actions, she would continue to have emotional distress in the future. 
          The jury question inquiring about damages for intentional infliction of
emotional distress asked the jury to find reasonable compensation only for “future
actual damages in the future” that was the result of Thomas’s conduct. We have
searched the record and find no testimony regarding any future damages relating to
emotional distress. All of Lovejoy’s testimony regarding her emotional reactions to
Thomas’s conduct related to the past. Accordingly, there is no evidence to support
an award for future emotional distress. 
          We sustain Thomas’s third issue. 

Lovejoy’s Appeal
          Lovejoy presents three issues, complaining that (1) the trial court’s award of
the American Express New Dimensions accounts to Christopher erroneously divested
the parties of their community property, (2) the trial court’s finding that the New
Dimensions accounts were gifted to Christopher was erroneous because there was no
evidence to support the finding, and (3) the judgment should be reversed and the
cause remanded to the trial court for a new division of the marital estate because the
mischaracterization of the New Dimensions accounts affected more than a de minimis
amount of the parties’ community property. In these issues, Lovejoy challenges the
trial court’s findings of fact numbers 37, 38, and 39.


 We review the trial court’s
property division for abuse of discretion. Wilson v. Wilson, 132 S.W.3d 533, 536
(Tex. App.—Houston [1st Dist.] 2004); See also Schlueter v. Schlueter, 975 S.W.2d
584, 589 (Tex. 1998) (stating that courts have wide discretion in dividing community
estate).
          Lovejoy’s inventory of the community property showed only one listing for a
New Dimensions account and valued that account at approximately $43,500, but
listed no account number. The decree referred specifically to two accounts by
account number. Lovejoy argued in her motion for new trial and argues on appeal
that one of those accounts was a non-IRA account that was set up for Christopher’s
education and had a value of approximately $43,000, and that the other was an IRA
account for her retirement with a value of approximately $11,000. Lovejoy admits
that there was no evidence at trial of the second account, nor was it listed on her
inventory. Because Lovejoy’s argument regarding the second account is outside the
record, we may not consider it. 
          Lovejoy argues that donative intent is one controlling factor in determining
whether a gift has been made.


 She then asserts that there is no evidence that either
she or Thomas had the requisite donative intent to convey the New Dimensions
account to Christopher. 
          The trial court found that the New Dimensions accounts were gifts from
Lovejoy and Thomas to Christopher. Lovejoy’s inventory showing Christopher’s
name listed with the account, her testimony that the account was set up for
Christopher’s education, and Thomas’s references to the account as Christopher’s
account are some evidence supporting the trial court’s findings. 
          We overrule Lovejoy’s three issues. 
CONCLUSION
          We reverse the trial court’s award of $14,400 damages in favor of Lovejoy and
render judgment that Lovejoy take nothing on her claim for future emotional distress. 
In all other respects, we affirm the judgment.
 
 
                                                             Sam Nuchia
                                                             Justice

Panel consists of Justices Nuchia, Jennings, and Alcala.