NUMBER
13-04-108-CV

                                 COURT
OF APPEALS

                     THIRTEENTH
DISTRICT OF TEXAS

                         CORPUS CHRISTI B EDINBURG

 

ALFREDO SUAREZ,                                                                         Appellant,

                                                             v.

MELISSA
SUAREZ,                                                                            Appellee.

 

                    On appeal from the 103rd District
Court

                                       of
Cameron County, Texas.

 

 

                               MEMORANDUM
OPINION

 

Before Chief Justice Valdez and Justices
Rodriguez and Castillo Memorandum Opinion by Chief Justice Valdez








Appellant,
Alfredo Suarez, appeals from a default judgment by the trial court entering a
decree of divorce between himself and appellee, Melissa Suarez.  Alfredo appeals in two issues:  (1) the trial court erred in denying his
motion for new trial, and (2) there was legally and factually insufficient
evidence to support the trial court=s division of the community estate, which was
disproportionate and favored Melissa. 
Based on the insufficiency of the evidence supporting the trial court=s division of the marital property, we reverse and
remand.

Background

Alfredo
originally filed a petition for divorce from Melissa in April of 2003.  Melissa then filed a counter-petition.  Each party alleged that the other was at
fault for the break-up of the marriage. 
Alfredo and his counsel did not appear at the trial, which was held
before a judge in November 2003.  The
judge entered a default judgment in Alfredo=s
absence that divided the community estate and provided for the conservatorship
and support of the two children of the marriage.  

Following entry
of the default judgment, Alfredo filed a motion for new trial, which was
denied, and a notice of appeal.  We
address his two issues on appeal.  

Motion for New
Trial

By his first
issue, Alfredo argues that the trial court erred in denying his motion for new
trial because he had fulfilled the required elements of motions for new trial
following post-answer default judgments. 









The rules that
trial courts must follow in determining whether to grant a motion for new trial
after a default judgment are articulated as a three-prong test in Craddock
v. Sunshine Bus Lines, Inc., 133 S.W.2d 124, 126 (Tex. 1939). See Lopez
v. Lopez, 757 S.W.2d 721, 722 (Tex. 1988). 
Under Craddock, when the defaulting party files a motion for new
trial to challenge a default judgment, he 
must allege and support with sworn proof the following elements: (1) his
failure to appear was not intentional, or the result of conscious indifference,
but was due to a mistake or accident; (2) he has a meritorious defense; and (3)
the motion for new trial will not occasion a delay or otherwise work an injury
to the nonmoving party.  See Craddock,
133 S.W.2d at 126; see also Angelo v. Champion Restaurant Equip. Co.,
713 S.W.2d 96, 97 (Tex. 1986).

Alfredo=s allegations in his motion for new trial regarding
his failure to appear were neither verified nor supported by an affidavit or
any other evidence.  Thus, his
contentions cannot be considered competent evidence presented in satisfaction
of the Craddock elements.  See
Ivy v. Carrell, 407 S.W.2d 212, 214 (Tex. 1966) (requiring motion for new
trial to set aside default judgment to be supported by affidavits or other
competent evidence); Wiseman v. Levinthal, 821 S.W.2d 439, 442 (Tex.
App.BHouston [1st Dist.] 1991, no writ).  Furthermore, Alfredo does not explain how his
failure to appear was due to a mistake or accident, as is required by the first
prong of the Craddock test; instead, he simply notes that a motion for
continuance had been filed and that his counsel was not in town on the day of
trial.  See Craddock, 133 S.W.2d
at 126.  Without explanation for his
failure to appeal, we cannot overturn the trial court=s denial of Alfredo=s
motion for new trial.  Accordingly,
Alfredo=s first issue is overruled.

Legal and
Factual Insufficiency  

By his second
issue on appeal, Alfredo argues that there is no evidence or, in the
alternative, insufficient evidence to support the disproportionate division of
community assets in favor of his former wife, Melissa.








A trial court is
presumed to have properly exercised its discretion in dividing the assets of a
marriage.  Murff v. Murff, 615
S.W.2d 696, 699 (Tex. 1981); Saldana v. Saldana, 791 S.W.2d 316, 319
(Tex. App.BCorpus Christi 1990, no writ).  In this regard, the trial court has wide
discretion in dividing the parties' community estate and that division should
not be corrected on appeal absent a clear abuse of discretion.  Murff, 615 S.W.2d at 698; Saldana,
791 S.W.2d at 319.  Under this type of
review, legal and factual insufficiency are not independent grounds of error,
but rather relevant factors in assessing whether the trial court abused its
discretion.  Zorilla v. Wahid, 83
S.W.3d 247, 252 (Tex. App.BCorpus Christi 2002, no pet.). 

The Texas Family
Code requires the trial court in a divorce decree to divide the estate of the
parties in a manner that the court deems just and right, having due regard for
the rights of each party and any children of the marriage.  See Tex.
Fam. Code Ann. ' 7.001 (Vernon 1998).  Although the trial court is not required to
divide the community estate equally, its division must be equitable.  See Zieba v. Martin, 928 S.W.2d 782,
790 (Tex. App.BHouston [14th Dist.] 1996, no writ).  There must be some reasonable basis for an
unequal division.  See id.   The trial court may consider many factors,
including the parties' earning capacities, education, business opportunities,
physical condition, financial condition, age, size of separate estates, and the
nature of the property.  See Murff,
615 S.W.2d at 699; Zorilla, 83 S.W.3d at 252.  The value of community assets is generally
determined at the date of divorce or as close to it as possible.  Handley v. Handley, 122 S.W.3d 904,
908 (Tex. App.BCorpus Christi 2003, no pet.); Grossnickle v.
Grossnickle, 935 S.W.2d 830, 837 (Tex. App.BTexarkana
1996, writ denied).  








Melissa was
obligated to present evidence at trial of the material allegations in her
petition, as even in the context of a post-answer default judgment, the
appearing party must nonetheless produce evidence proving her case.  See Stoner 
v. Thompson, 578 S.W.2d 679, 682 (Tex. 1979); Agraz v. Carnley,
143 S.W.3d 547, 552 (Tex. App.BDallas 2004, no pet.).  








Melissa filed an
unsworn inventory of community and personal assets with the court when she
appeared for trial.  She also filed a
proposed division of assets that, relying on the valuation of items in the
inventory, awarded Alfredo 47.30 percent of the community assets and awarded
her the remaining 52.70 percent. 
Alfredo, however, argues that there is no evidence or insufficient
evidence that two certificates of deposit (CDs), the value of which was awarded
to him, still retained their value as of the date of the divorce.  In fact, he argues that these CDs had been
depleted by the parties before the onset of the divorce proceedings.[1]  Melissa did not testify regarding these CDs
at trial.  The inventory she submitted
noted that the account balances listed for the two CDs were current Aas of August 11, 1999" for one, then valued at
$6,964.54, and Aas of August 21, 1998" for the other, then
valued at $15,436.00.  The parties= divorce hearing occurred on November 21, 2003, more
than four years after either account balance was last known.  This is insufficient to serve as evidence of
the value of the CDs at the actual time of the divorce proceedings.[2]  See Handley, 122 S.W.3d at 908; Grossnickle,
935 S.W.2d at 837.  The submitted inventory
does not constitute sufficient evidence of the total value of the community
estate at the time of division.  See
Wilson v. Wilson, 132 S.W.3d 533, 538 (Tex. App.BHouston [1st Dist.] 2004, no pet.) (holding that
"given the dearth of evidence identifying, describing, and valuing the
community estate . . . there is insufficient evidence to support the division
of assets"); O'Neal v. O'Neal, 69 S.W.3d 347, 349-50 (Tex. App.BEastland 2002, no pet.) (holding that descriptions
of property without adequate evidence of that property=s value were insufficient evidence on which to base
a property division).

We agree with the
conclusion reached by the Houston court of appeals in its Wilson
decision, which states the following:  AA default judgment stands against defenses that
could have been raised and were not, but one granting affirmative relief will
not stand without affirmative proof to support it.  Here, the evidence is insufficient to support
the division of assets in the final decree of divorce.@  Wilson,
132 S.W.3d at 539.   Accordingly, Alfredo=s second issue is sustained.

Conclusion

 We reverse and remand to the trial court with
respect to the division of the community estate of the parties.  We affirm the decree of the trial court in
all other respects.      

                                           

ROGELIO
VALDEZ

Chief
Justice

 

Concurring and
Dissenting Memorandum 

Opinion by Justice
Castillo.

 

Memorandum Opinion delivered and 

filed this 4th day of May, 2006.











[1] If Alfredo=s allegation that the CDs had no
value at the time of the divorce decree is accurate, then Alfredo was actually
only awarded 38.70 percent of the community estate and Melissa was awarded the
remaining 61.30 percent.  





[2] Other items included as community
assets and awarded to Alfredo in the division of the estate, including Alfredo=s retirement benefits from Teachers
Retirement System, an IRA in his name from PFS Shareholder Savings, and his New
York Life Annuity policy had unknown values at the time of the divorce.