**Opinion issued August 20, 2013**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-12-00506-CV**

———————————

**PROFESSIONAL SECURITY PATROL, Appellant**

**V.**

**NOE PEREZ, Appellee**

On Appeal from the 61st District Court
Harris County, Texas
Trial Court Case No. 2010-76017

## MEMORANDUM OPINION

In this personal injury case, Noe Perez sued Professional Security Patrol ("Professional Security") for negligence, negligent hiring/supervision, negligence per se, and gross negligence. Professional Security answered, but it failed to

respond to outstanding discovery requests, and the trial court struck its pleadings and rendered a default judgment in favor of Perez. Professional Security brings a restricted appeal and, in one issue, contends that error is apparent on the face of the record because it did not have notice of the hearing on Perez's motion for default judgment.

We affirm.

## Background

On April 10, 2010, a security guard employed by Professional Security opened fire on Perez's car outside of a bar in Houston. Of the twenty-eight bullets directed at his car, a total of six bullets hit Perez, striking him in his eye, his heart, both of his arms, his back, and his cervical spine. Perez underwent a lengthy series of life-saving medical procedures, but he ultimately lost use of his left eye, and he has bullet fragments remaining in parts of his body.

Perez sued Professional Security for negligence, negligent hiring/negligent supervision, negligence per se, and gross negligence, and he alleged that Professional Security was also liable under the doctrine of respondeat superior. Perez sought compensatory damages for, among other things, past and future pain and suffering, past and future mental anguish, past and future medical expenses, past lost wages, and loss of future earning capacity. Perez also sought exemplary

2

damages. In his original petition, Perez requested that Professional Security disclose the information required by Texas Rule of Civil Procedure 194.

Professional Security hired an attorney who filed a general denial on its behalf on May 23, 2011. Professional Security retained this attorney as its attorney of record until June 5, 2012, when the trial court granted its motion to substitute its current appellate counsel as attorney of record.

After Professional Security answered, Perez served it with interrogatories, requests for production, and requests for admissions. When Professional Security failed to timely respond to these discovery requests, Perez faxed a "Certificate of Conference" to Professional Security's trial counsel reminding him of the outstanding requests. Perez offered to extend the response deadline, and he stated that he would pursue a motion to compel if Professional Security did not respond by the extended date. When Professional Security remained unresponsive, Perez filed a motion to compel on July 27, 2011. The record contains a notice of hearing informing the parties that Perez's motion to compel would be heard on September 9, 2011. The trial court granted the motion to compel and ordered Professional Security to respond to the discovery requests by September 23, 2011.

After the trial court granted the motion to compel, Perez faxed a second certificate of conference to opposing counsel. This certificate notified Professional Security of the trial court's order on the motion to compel and stated that the court

ordered that Professional Security would owe $750 in attorney's fees to Perez if it did not respond by September 23. Perez attached a copy of the order to the certificate.

When Professional Security still failed to respond, Perez filed a second motion to compel. In this motion, Perez requested that the trial court sanction Professional Security for its continued failure to participate in the discovery process. The record contains a notice of hearing informing the parties that the hearing on this motion to compel would be held on November 18, 2011. The trial court granted the motion to compel and ordered Professional Security to respond to all outstanding discovery requests by December 2, 2011. The order further warned that failure to comply would result in sanctions, namely, the court would strike Professional Security's pleadings. Perez faxed another certificate of conference to Professional Security's trial counsel informing him of this order.

On December 5, 2011, Perez filed a "Motion to Strike Defendant's Pleadings, for Default Judgment, and for Sanctions." In this motion, Perez detailed Professional Security's failure to engage in any discovery and described the orders by the trial court granting Perez's two prior motions to compel. Perez argued that striking Professional Security's pleadings was justified, and he requested that the court enter a default judgment against Professional Security in the amount of $1,250,000, plus $50,000 in attorney's fees. The record contains a notice of

4

hearing informing the parties that the trial court would hear this motion on December 16, 2011.

Neither a representative of Professional Security nor Professional Security's trial counsel appeared at the hearing on Perez's motion for default judgment. At this hearing, Perez briefly testified concerning the incident and his injuries. He stated that he continues to experience constant pain, that he is unable to exercise, that he is limited in his ability to work, and that he experiences continued sadness, anxiety, and depression as a result of the incident. He also testified concerning his past medical expenses and the likelihood of future medical expenses, and he asked the trial court to award approximately $1.25 million in damages.

The trial court granted Perez's motion for default judgment. The court awarded Perez approximately $1.2 million in actual damages, $100,000 in exemplary damages, prejudgment interest, and attorney's fees.

Professional Security did not move for a new trial or file any other post-judgment motion, nor did it file a timely notice of appeal. Instead, it filed this restricted appeal.

**Standard of Review**

A restricted appeal is a procedural device available to a party who did not participate, either in person or through counsel, in a proceeding that resulted in a judgment against the party. TEX. R. APP. P. 30. It constitutes a direct attack on a

5

default judgment. *Id.*; *Gen. Elec. Co. v. Falcon Ridge Apartments*, 811 S.W.2d 942, 943 (Tex. 1991). A party filing a restricted appeal must demonstrate that (1) it appealed within six months after the judgment was rendered; (2) it was a party to the underlying suit; (3) it did not participate in the actual trial of the case that resulted in the judgment complained of; (4) it did not timely file a post-judgment motion, a request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Texas Rule of Appellate Procedure 26.1; and (5) error appears on the face of the record. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *Ayala v. Ayala*, 387 S.W.3d 721, 726 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

In a review by restricted appeal, we afford the appellant the same scope of review as an ordinary appeal, that is, a review of the entire case, subject only to one restriction—the error must appear on the face of the record. TEX. R. APP. P. 30; *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam); *Wilson v. Wilson*, 132 S.W.3d 533, 536 (Tex. App.—Houston [1st Dist.] 2004, pet. denied). The face of the record includes all papers on file in the appeal, including the clerk's record and any reporter's record. *Norman Commc'ns*, 955 S.W.2d at 270; *DSC Fin. Corp. v. Moffitt*, 815 S.W.2d 551, 551 (Tex. 1991) (per curiam); *Ayala*, 387 S.W.3d at 726. Further, silence in the record is not

6

sufficient to show error on the face of the record. *Alexander*, 134 S.W.3d at 849–50.

## Restricted Appeal

In its sole issue, Professional Security contends that because its trial counsel failed to respond to the trial court's discovery orders and attend hearings on Perez's motions to compel, Perez should have made an attempt to notify Professional Security itself of the hearing on his motion for default judgment, and because he did not, error is present on the face of the record.

Once a defendant has made an appearance in a case, it is entitled to notice of the trial setting as a matter of due process. *See Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84, 108 S. Ct. 896, 899 (1988); *LBL Oil Co. v. Int'l Power Servs., Inc.*, 777 S.W.2d 390, 390–91 (Tex. 1989) (per curiam); *Xenos Yuen v. Fisher*, 227 S.W.3d 193, 198–99 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Actual or constructive notice of a default judgment hearing is sufficient. *See LBL Oil Co.*, 777 S.W.2d at 391; *Fisher*, 227 S.W.3d at 199 (holding that trial court did not abuse its discretion in setting aside default judgment when record reflected appellant had neither actual nor constructive notice of default hearing).

When a party retains counsel, service of notice may be made by delivering a copy of the notice to the party's attorney of record. TEX. R. CIV. P. 21a (providing that notice may be served by delivering copy to party or to party's attorney of

record "as the case may be"). A fax of the notice to the recipient-attorney's current fax number constitutes proper service. *See id.* Knowledge acquired by an attorney during the existence of an attorney-client relationship, while acting in the scope of his authority, is imputed to the client. *McMahan v. Greenwood*, 108 S.W.3d 467, 480–81 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). Thus, notice of a default hearing received by the attorney of record during the existence of the attorney-client relationship is imputed to the client, who has constructive notice of the hearing. *See Allied Res. Corp. v. Mo-Vac Serv. Co.*, 871 S.W.2d 773, 778 (Tex. App.—Corpus Christi 1994, writ denied); *see also Keough v. Cyrus USA, Inc.*, 204 S.W.3d 1, 5 n.2 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (holding same, in appeal from dismissal for want of prosecution, when attorney received notice of trial setting but failed to appear).

Here, Professional Security does not argue that its trial counsel did not receive notice of the default hearing. Rather, it argues that after its trial counsel failed to respond to several previous motions, orders, and hearings, Perez should have made an attempt to notify Professional Security itself. Because Perez did not do so, and the record does not reflect that Professional Security had actual notice of the default hearing, Professional Security argues that error is present on the face of the record. We disagree.

8

Professional Security's trial counsel made an appearance in this case on May 23, 2011, when he filed a general denial on Professional Security's behalf. Professional Security had the same counsel of record until June 5, 2012, when the trial court allowed Professional Security to substitute counsel for appeal. The record contains a notice of hearing informing the parties that Perez had filed a "Motion to Strike Defendant's Pleadings, for Default Judgment, and for Sanctions" on December 5, 2011, and that this matter would be heard by the trial court on December 16, 2011. Professional Security does not contend that its trial counsel did not receive this notice of hearing. Because the record indicates that Professional Security's trial counsel received notice of the default hearing while acting in the scope of his authority, his knowledge of the default hearing is imputed to his client, Professional Security. *See McMahan*, 108 S.W.3d at 480–81; *Allied Res. Corp.*, 871 S.W.2d at 778. Thus, the record supports the conclusion that Professional Security had constructive notice of the default hearing. *See LBL Oil*, 777 S.W.2d at 391; *Fisher*, 227 S.W.3d at 199.

Professional Security argues that Perez should have attempted to bypass its trial counsel and notify Professional Security itself of the default hearing. As Perez indicates, this course of action is improper. Rule 4.02 of the Texas Disciplinary Rules of Professional Conduct governs communication by an attorney with an opposing party that is represented by counsel. Rule 4.02(a) provides,

9

> In representing a client, a lawyer shall not communicate . . . about the subject of the representation with a person, organization or entity of government the lawyer knows to be represented by another lawyer regarding that subject, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.

TEX. DISCIPLINARY R. PROF'L CONDUCT R. 4.02(a), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A (Vernon 2005) (Tex. State Bar R. art. X, § 9). Pursuant to this rule, a lawyer should not "orchestrate or encourage contact between" himself and an opposing party who is represented by counsel unless the opposing lawyer has consented to such contact. *In re News Am. Publ'g, Inc.*, 974 S.W.2d 97, 100 (Tex. App.—San Antonio 1998, orig. proceeding). "The spirit of this rule requires the ethical lawyer to avoid such communications when in a litigation setting for as long as counsel for that other party has not officially withdrawn from representation." *Id.* at 101; *see also In re Users Sys. Servs., Inc.*, 22 S.W.3d 331, 334 (Tex. 1999) (orig. proceeding) (stating that Rule 4.02 forbids lawyer from communicating with opposing party if lawyer knows party has legal counsel for particular matter); *Richmond Condos. v. Skipworth Commerical Plumbing, Inc.*, 245 S.W.3d 646, 661 (Tex. App.—Fort Worth 2008, pet. denied) (holding that ex parte contact of represented parties by opposing counsel constitutes abuse of discovery process).

At all relevant times during this proceeding, Professional Security was represented by trial counsel, and the record clearly indicates that Perez was aware

10

of this fact.  It therefore would have been improper for Perez's counsel to attempt to communicate directly with Professional Security concerning the default hearing while it was represented by counsel.  *See In re Users Sys. Servs.*, 22 S.W.3d at 334; *Richmond Condos.*, 245 S.W.3d at 661; *In re News Am. Publ'g*, 974 S.W.2d at 100–01.

Because Professional Security's trial counsel had notice of the default hearing, which was imputed to Professional Security itself, we conclude that Professional Security has failed to establish that error exists on the face of the record.  We hold that Professional Security, therefore, has not met the requirements for a restricted appeal.  *See Alexander*, 134 S.W.3d at 848.

We overrule Professional Security's sole issue.

### Conclusion

We affirm the judgment of the trial court.


Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Higley, and Bland.