**Dismissed and Opinion Filed April 11, 2024**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-22-01302-CV

## IN THE INTEREST OF C.J.S., A CHILD, A Minor Child

**On Appeal from the 330th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-21-19866**

## MEMORANDUM OPINION

Before Justices Reichek, Carlyle, and Miskel
Opinion by Justice Miskel

Mother, pro se, appeals the trial court's default final decree of divorce. We conclude that Mother failed to adequately brief her arguments on appeal. The appeal is dismissed. *See* TEX. R. APP. 42.3(c).

## I.      Background

Father filed his original petition for divorce. Father appeared pro se at trial. At the conclusion of the trial, the trial judge found that Mother was in default because she had been served with citation, filed an answer, and failed to appear at trial. The trial judge also found that Father's requested relief with regard to the child was in the best interest of the child and his requested relief with regard to the division of

the marital property was a just and right division. On the same day, the trial judge signed the final decree of divorce.

Mother filed a motion to set aside the default judgment, which the trial court denied.

## II. Compliance with Briefing Rules

On appeal, Mother appears to raise three issues relating to the following matters: (1) the default judgment for her failure to appear; (2) retroactive child support; and (3) life insurance. After Mother filed her brief, the Clerk of this Court notified Mother that her brief was deficient, that she had ten days to file an amended brief that complied with the Texas Rules of Appellate Procedure, and that her failure to do so may result in dismissal of her appeal. When Mother failed to file an amended brief, this Court ordered the appeal submitted on Mother's original brief. Father did not file a brief.

### A. Applicable Law

Appellate courts have the discretion to waive issues for inadequate briefing. *Horton v Stovall*, 591 S.W.3d 567, 569–70 (Tex. 2019); *Fredonia State Bank v. Gen. Am. Life Ins.*, 881 S.W.2d 279, 284 (Tex. 1994). Sometimes appellate courts waive entire appeals after giving an appellant the opportunity to rebrief and other times they waive entire appeals without giving the appellant a chance to rebrief. *St. John Missionary Baptist Church v. Flakes*, 595 S.W.3d 211, 215 (Tex. 2020); *Horton*, 591 S.W.3d at 569–70.

The Texas Rules of Appellate Procedure have specific requirements for briefing. TEX. R. APP. P. 38; *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.— Dallas 2010, no pet.). These rules require appellants to state concisely the complaint they may have, provide understandable, succinct, and clear argument for why their complaint has merit in fact and in law, and cite and apply law that is applicable to the complaint being made along with record references that are appropriate. TEX. R. APP. P. 38.1(f), (h), and (i); *In re S.V.*, 599 S.W.3d 25, 41 (Tex. App.—Dallas 2017, pet. denied); *Bolling*, 315 S.W.3d at 895. Only when an appellate court has been provided with proper briefing may it discharge its responsibility to review the appeal and make a decision that disposes of the appeal one way or the other. *Bolling*, 315 S.W.3d at 895. An appellate court is not responsible for identifying possible trial court error. *Id.* Nor is it responsible for searching the record for facts that may be favorable to a party's position. *Id.*; *see Fredonia State Bank*, 881 S.W.2d at 283–84. And an appellate court is not responsible for doing the legal research that might support a party's contentions. *Bolling*, 315 S.W.3d at 895. Were an appellate court to do so, even for a pro se litigant untrained in law, the appellate justices would be abandoning their roles as judges and becoming advocates for that party. *Id.*

When deciding whether an appellant's brief is deficient, an appellate court does not adhere to any rigid rule about the form of a brief. *Id.* However, an appellate court does examine briefs for compliance with prescribed briefing rules. *Id.* And

–3–

an appellate court examines every brief closely. *Id.* If an appellate court can conclude a brief complies with the Texas Rules of Appellate Procedure, it submits the appeal for review and decision on the merits. If an appellate court cannot, it may dismiss the appeal as it is authorized to do. TEX. R. APP. P. 42.3; *Bolling*, 315 S.W.3d at 895–96.

**B.     Mother's Brief Does Not Comply with the Briefing Rules**

Mother's brief is a one-page handwritten document that consists of a total of four sentences. Her brief does not contain a clear and concise argument for her contentions with appropriate citations to authorities. First, it is unclear what trial court action or evidence Mother is challenging and she fails to identify the applicable standard of review. *See* TEX. R. APP. P. 38.1(f), (i). Second, in her brief, she includes only a single citation to *Wilson v. Wilson*, 132 S.W.3d 533, 537 (Tex. App.—Houston [1st Dist.] 2004, pet. denied), which concluded that the evidence was factually insufficient to support the trial court's just and right division of the community estate. She does not provide any argument or show how the authority cited supports her argument. *See id.* 38.1(i). Also, we note that she does not provide any citations to the record. *See id.*

Mother has failed to provide us with argument, analysis, or authorities that make her complaints viable. We may not speculate as to the substance of Mother's issues or make Mother's arguments for her. *See In re S.V.*, 599 S.W.3d 25, 41.

Accordingly, we conclude that Mother has failed to comply with our briefing rules.

By failing to adequately brief her complaints, Mother has waived her issues.

## III. Conclusion

Mother has failed to adequately brief her arguments on appeal.

The appeal is dismissed. *See* TEX. R. APP. 42.3(c).

221302f.p05

/Emily Miskel/
EMILY A. MISKEL
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF C.J.S., A
MINOR CHILD

No. 05-22-01302-CV

On Appeal from the 330th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DF-21-19866.
Opinion delivered by Justice Miskel.
Justices Reichek and Carlyle
participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellee Cedric Jerome Shelton recover his costs of this appeal from appellant Janell Ashley Shelton.

Judgment entered this 11th day of April, 2024.