**Opinion issued April 30, 2026**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00498-CV

———————————

**ROSENDO MORALES, Appellant**

**V.**

**MARIA MORALES, Appellee**

---

**On Appeal from the 309th District Court**
**Harris County, Texas**
**Trial Court Case No. 2022-75740**

---

## MEMORANDUM OPINION

This is a divorce case. Following a bench trial, the trial court signed a final divorce decree (1) dissolving the marriage between Rosendo Morales and Maria Morales, (2) awarding real property to Rosendo as his separate property, (3) dividing the community estate, and (4) awarding Maria a money judgment for reimbursement

of community funds expended to pay the mortgage on Rosendo's separate property. On appeal, Rosendo challenges the decree's division of the community's assets and liabilities and the award of the money judgment to Maria.

We affirm in part and reverse and remand in part.

## Background

Rosendo and Maria were married in 1997. They separated in 2022, and Rosendo filed for divorce in 2023. Maria answered and filed a counter-petition. Each asked for a "just and fair" division of the marital estate, a confirmation of each party's separate property, and an order requiring the other party to reimburse the community estate for money expended from the community estate to benefit the other party's separate property. Maria stated that they did not have minor children or children who were "otherwise entitled to support."

The trial court conducted a bench trial at which Rosendo and Maria testified. At the start of trial, each offered their sworn inventories, which were admitted into evidence. Each inventory itemized the couple's assets and liabilities, assigned values to them, and suggested a property division.

During trial, Maria offered Respondent's Exhibit 63—a document listing items not included in her sworn inventory that Maria claimed were community property. The exhibit assigned a monetary value to each item and designated how Maria wanted the property to be divided.

Included in Exhibit 63 was Mobile One Diesel—a semi-truck towing and repair business operated by Rosendo. The exhibit also itemized Mobile One's "tools and contents" and listed numerous motor vehicles. Maria asked the trial court to award the motor vehicles, Mobile One, and its "tools and contents" to Rosendo. And, according to Exhibit 63, the total value of all those items was $427,150.

Rosendo agreed that the value of Mobile One was $130,000, but he disputed the values given for most of the other assets listed in Exhibit 63. Addressing the assets individually, Rosendo testified that the values were inflated and provided alternate values. He also testified that he no longer possessed some of the assets.

Exhibit 63 also listed three pieces of real property: (1) property on Red Bluff Road (valued at $150,000), (2) property on Cleveland Drive (valued at $70,000 after deducting the outstanding mortgage), and (3) property on Raspberry Lane (valued at $188,000). Maria asked the trial court to award her the three properties.

Rosendo asserted that Maria was not entitled to the Raspberry Lane property (Raspberry Property) because it was his separate property. The evidence showed that the Raspberry Property was deeded to Rosendo before he married Maria.

Maria testified that the mortgage on the Raspberry Property was paid using community funds. She asked the trial court to reimburse the community estate for the mortgage payments if the court found that the Raspberry Property was Rosendo's separate property.

The parties also presented evidence of the community estate's liabilities. The largest debt identified by Maria was a Small Business Administration (SBA) loan given to Action Ready Mix, LLC—a concrete business she operated. The unpaid balance on the SBA loan was $163,136.89.

After trial, the trial court signed a "Judge's Rendition in a Divorce without Children" (Rendition). In it, the trial court granted Rosendo's and Maria's request for a divorce. The trial court awarded Rosendo the Raspberry Property as his separate property. Regarding the "just and right division of the marital estate," the trial court awarded Maria (1) the Cleveland Drive and Red Bluff Road properties (total net value of $245,000), (2) financial accounts (total value of $873.86), (3) three businesses, including Action Ready Mix (total value of $150,000), (4) two motor vehicles (total of value of $21,874), and (5) household furnishings (total value of $5,000).

The trial court found that "community property funds were used to pay down the mortgage" on the Raspberry Property—Rosendo's separate property. As reimbursement, the trial court awarded Maria a money judgment of $96,200.

The trial court awarded Rosendo the tools, equipment, and motor vehicles listed in Maria's Exhibit 63. The trial court adopted nearly all the values provided in Exhibit 63 for those assets. The trial court also awarded Rosendo (1) Mobile One

4

(valued at $130,000), (2) financial accounts (total value of $1,000) (3) household furnishings (total value of $5,000), and (4) $5,000 in cash.

Regarding liabilities, the trial court awarded Maria credit card debt totaling $83,114.12 and the outstanding balance of $163,136 on Action Ready Mix's SBA loan. The trial court awarded Rosendo credit card debt totaling $32,000 and "IRS tax debt" of $67,521.

The trial court later signed a Final Decree of Divorce (Decree) dissolving the parties' marriage. The Decree contains the same division of community assets and liabilities found in the Rendition and states that the division is "a just and right division of the parties' marital estate." It also awards the Raspberry Property to Rosendo as his separate property.

The Decree provides that "the community estate [was] entitled to reimbursement from [Rosendo's] separate estate for $96,200" and awards Maria a money judgment for that amount against Rosendo. To secure payment of the money judgment, the Decree grants Maria an equitable lien on the Raspberry Property. The Decree states that the "award for reimbursement is part of the just and right division of the marital estate."

Rosendo requested findings of fact and conclusions of law, but none were filed. Rosendo did not notify the trial court that they were past due.

**Division of Community Estate**

In three issues, Rosendo challenges the decree's division of the community's assets and liabilities and the award of the money judgment to Maria for reimbursement.[1] Because it is dispositive, we address only the second issue in which Rosendo asserts that the outstanding balance on the SBA loan should not have been included in the community-property division and awarded to Maria. *See* TEX. R. APP. P. 47.1.

## A. Standard of Review & Applicable Law

In a divorce, the trial court orders a division of the parties' community estate in a manner that the court deems just and right, having due regard for each party's rights. TEX. FAM. CODE § 7.001. We review property-division issues for abuse of discretion. *Lynch v. Lynch*, 540 S.W.3d 107, 127 (Tex. App.—Houston [1st Dist.] 2017, pet. denied); *see Bradshaw v. Bradshaw*, 555 S.W.3d 539, 543 (Tex. 2018).

The trial court has broad discretion to divide the community estate, and appellate courts must indulge every reasonable presumption in favor of the trial court's proper exercise of its discretion. *Lynch*, 540 S.W.3d at 127; *see Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981). "The division 'should be corrected on appeal only where an abuse of discretion is shown in that the disposition made of

---

[1]     Maria did not appeal the Decree. Rosendo does not challenge the dissolution of the marriage or the award of the Raspberry Property as his separate property.

6

some property is manifestly unjust and unfair.'" *Bradshaw*, 555 S.W.3d at 543 (quoting *Hedtke v. Hedtke*, 248 S.W. 21, 23 (1923)).

In family law cases, legal and factual sufficiency challenges are not independent grounds for asserting error, but they are relevant factors in determining whether the trial court abused its discretion. *Lynch*, 540 S.W.3d at 127. We address whether the trial court abused its discretion in two parts. First, we assess whether the trial court had sufficient information to exercise its discretion. *See id.* Next, we assess whether the trial court erred in its exercise of discretion. *See id.*

Under the first part, we use the traditional standards of review for legal and factual sufficiency. *See id.* For a legal-sufficiency review, we consider all the evidence in a light favorable to the finding, crediting favorable evidence if a reasonable factfinder could do so and disregarding contrary evidence unless a reasonable factfinder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex. 2005). For a factual-sufficiency review, we consider all the evidence for and against the challenged finding and set the finding aside "only if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust." *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001).

If there is adequate evidence for the trial court to exercise its discretion in dividing the property, we proceed under the second part to determine whether, based

7

on the evidence, the trial court divided the property in an arbitrary or unreasonable manner. *Mathis v. Mathis*, No. 01-17-00449-CV, 2018 WL 6613864, at *3 (Tex. App.—Houston [1st Dist.] Dec. 18, 2018, no pet.) (mem. op.).  Equal division of property is not required, but the division must be equitable. *Lynch*, 540 S.W.3d at 128; *see Murff*, 615 S.W.2d at 698–99.  In making a just and right division, a trial court may consider many factors, including the parties' relative financial condition and obligations. *See Murff*, 615 S.W.2d at 699 (listing numerous factors for trial court to consider in making property division).

When, as here, there are no findings of fact and conclusions of law, the trial court's judgment implies all fact findings necessary to support it, and we must affirm the judgment if it can be upheld on any legal theory. *See In re W.E.R.*, 669 S.W.2d 716, 717 (Tex. 1984); *Smith v. Payandeh*, No. 01-18-00463-CV, 2019 WL 2528197, at *5 (Tex. App.—Houston [1st Dist.] June 20, 2019, no pet.) (mem. op.).  When a reporter's record is filed, these implied findings are not conclusive, and an appellant may challenge them by raising both legal and factual sufficiency of the evidence issues. *Gabra v. Gabra*, No. 01-20-00298-CV, 2021 WL 1567750, at *11 (Tex. App.—Houston [1st Dist.] Apr. 22, 2021, no pet.) (mem. op.).

**B.     Analysis**

"[C]ommunity debts and liabilities are part of the community estate which must be considered in making a just and right division of community property." *See*

*Abdelaaty v. Abdelaaty*, No. 05-03-01335-CV, 2004 WL 1490089, at *1 (Tex. App.—Dallas July 6, 2004, no pet.) (mem. op.). Here, the Decree provides that, as part of its "just and right division of the parties' marital estate," Maria was awarded the outstanding debt of $163,136 owed on the SBA loan.

Rosendo argues that the award of the SBA debt to Maria was an abuse of discretion because the evidence showed that the debt was the company debt of Action Ready Mix, LLC. Maria responds that it was proper to award the debt to her because she was "personally liable" for the loan. Rosendo asserts that the evidence was legally and factually insufficient to show that Maria was personally liable.

"A bedrock principle of corporate law is that an individual can incorporate a business and thereby normally shield himself from personal liability for the corporation's contractual obligations." *Willis v. Donnelly*, 199 S.W.3d 262, 271 (Tex. 2006). This shield extends to limited liability companies and "stems from the presumption of legal separateness that exists between a limited liability company and its members." *Julka v. U.S. Bank Nat'l Ass'n*, 516 S.W.3d 84, 88 (Tex. App.—Houston [1st Dist.] 2017, no pet.).

Section 101.114 of the Business Organizations Code provides that a member or manager cannot be held liable for "a debt, obligation, or liability of a limited liability company, including a debt, obligation, or liability under a judgment, decree, or order of a court" except as specified in the company's agreement. TEX. BUS.

9

ORGS. CODE § 101.114. When dividing property in a divorce proceeding, "a spouse's ownership interest in a corporation can be characterized as either separate or community property," but "corporate assets and liabilities are owned by the corporation and, absent a finding of alter ego, are not part of the community estate."[2] *In re Marriage of Collier*, 419 S.W.3d 390, 403 (Tex. App.—Amarillo 2011, no pet.) (citing *Thomas v. Thomas*, 738 S.W.2d 342, 343 (Tex. App.—Houston [1st Dist.] 1987, writ denied)).

Here, Maria testified that Action Ready Mix was "incorporated" during the parties' marriage. Maria proffered what she described as the "original closing loan documents" for the SBA loan. The loan documents identify Action Ready Mix as the loan's borrower and indicate, under the heading "Business Type Description," that Action Ready Mix is a limited liability company. The documents show that the SBA approved Action Ready Mix for a "COVID-19 Economic Injury" loan of $147,800. The documents do not reflect that Maria was a borrower or otherwise obligated to pay the loan. Action Ready Mix's company agreement was not offered into evidence. *See* TEX. BUS. ORGS. CODE § 101.114.

Maria testified that the SBA loan was obtained in early 2021 and deposited into Action Ready Mix's bank account. She explained that the loan was used to buy equipment for Action Ready Mix and to make a loan to Mobile One. Maria also

---

[2] There were no allegations of alter ego in this case.

10

offered a "loan summary" showing that, at the time of trial, the loan's outstanding balance was $163,136.89. The loan summary lists only Action Ready Mix as the borrower.

We recognize that the Business Organizations Code provides that a member or owner of a limited liability company may have individual liability if she "expressly assumes, guarantees, or agrees to be personally liable to the obligee for the obligation." TEX. BUS. ORGS. CODE § 21.225(1); *see id.* § 101.002(a) (providing that Section 21.225 applies to limited liability companies and their members "[s]ubject to Section 101.114"). But here, no documentary evidence shows that Maria expressly agreed to be personally liable for the loan.

Nonetheless, Maria asserts that she was personally liable. Maria points out that she responded affirmatively when her attorney asked her if she was "on the hook to pay back the SBA loan." She asserts that this testimony was some evidence supporting an implied finding by the trial court that she was personally liable to pay back the loan. We disagree.

"Bare, baseless opinions will not support a judgment even if there is no objection to their admission in evidence." *City of San Antonio v. Pollock*, 284 S.W.3d 809, 816 (Tex. 2009). To constitute some evidence, the witness must "explain the factual basis" for their conclusion. *See Nat. Gas Pipeline Co. of Am. v.*

*Justiss*, 397 S.W.3d 150, 161 (Tex. 2012) ("In both cases, the owners stated a conclusion without explanation; the testimony is conclusory and no evidence.").

Maria did not clarify what she meant by being "on the hook" for the loan. If she meant that she was personally liable for the loan, she did not explain the factual basis for that conclusion. The testimony was conclusory and provided no evidence to support the implied finding that Maria was personally liable for the SBA loan. *See Justiss*, 397 S.W.3d at 161; *Pollock*, 284 S.W.3d at 816. The record also contains no evidence that Rosendo was liable for the loan. Instead, the evidence in the record shows that the outstanding balance on the loan is Action Ready Mix's debt.

Because no evidence was presented to show that the SBA debt was a community liability, we hold that the trial court abused its discretion by including the debt in the division of the community estate. *See Bravo v. Bravo*, No. 05-24-00419-CV, 2025 WL 2053579, at *10 (Tex. App.—Dallas July 22, 2025, pet. denied) (mem. op.) (holding that trial court abused its discretion by including assets owned by corporations in its division of community estate because assets owned by corporation are not community property); *see also Wilson v. Wilson*, 132 S.W.3d 533, 537 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) ("If the division of marital property lacks sufficient evidence in the record to support it, then the trial court's division is an abuse of discretion.").

We sustain Rosendo's second issue.

**Conclusion**

Because the trial court's error in awarding the SBA debt to Maria affected the just and right division of the community estate, we reverse the provisions in the Decree dividing the community estate and remand the entire community estate for a new division.[3]  This includes the provisions in the Decree awarding the $96,200 money judgment to Maria for reimbursement, which the Decree states was "part of the just and right division of the marital estate."[4]  We affirm the remainder of the Decree, including the provisions dissolving the parties' marriage and awarding Rosendo his separate property.[5]

Terry Adams
Chief Justice

---

[3]　*See Jacobs v. Jacobs*, 687 S.W.2d 731, 733 (Tex. 1985) ("[O]nce reversible error affecting the 'just and right' division of the community estate is found, the court of appeals must remand the entire community estate for a new division.").

[4]　*See id.*; *see also* TEX. FAM. CODE § 7.007(1) (providing that, when determining reimbursement claim, trial court "shall apply equitable principles to . . . determine whether to recognize the claim after taking into account all the relative circumstances of the spouses").  And, as mentioned, we need not discuss Rosendo's first issue, which challenges the values assigned to the assets awarded to him, or his third issue, which challenges the money judgment to reimburse Maria. *See* TEX. R. APP. P. 47.1.

[5]　*See In re Marriage of Morris*, 123 S.W.3d 864, 872 (Tex. App.—Texarkana 2003, no pet.) (reversing and remanding division of community property and affirming disposition of parties' separate property).

Panel consists of Chief Justice Adams and Justices Gunn and Guiney.