Evelyn V. Keyes, Justice
In this restricted appeal, appellant Gil Cohen challenges the trial court's award of a default divorce, division of the community estate, and confirmation of separate property rendered in favor of appellee Rami Bar. In three issues, Cohen argues that the trial court erred in rendering a default divorce decree because (1) it did not have personal jurisdiction over him as *768 a nonresident defendant; (2) he did not receive service of process in violation of his due process rights; and (3) it abused its discretion in dividing the community estate and confirming certain property as Bar's separate property. Because we conclude that the evidence was insufficient to support the trial court's division of the community estate and confirmation of Bar's separate property, we reverse and remand.
Background
Bar filed the original petition for divorce on July 12, 2017, alleging that he and Cohen had been married on January 1, 2014, and had "ceased to live together as spouses on or about July 10, 2017." As grounds for divorce, Bar alleged insupportability.
Bar asserted that he had been "a domiciliary of Texas for the preceding six-month period and a resident of [Harris County] for the preceding ninety-day period." Bar further alleged that Cohen "is a nonresident of Texas" but that "Texas is the last state in which marital residence between [Bar] and [Cohen] occurred, and this suit is filed before the second anniversary of the date on which marital residence ended."
Finally, the petition for divorce alleged that Cohen had committed fraud on the estate and asked the trial court to "reconstitute the community estate to its full value prior to [Cohen's] depletion of the community estate[.]" Bar also alleged that he owned "certain separate property" and requested the trial court "to confirm that separate property as [his] separate property and estate."
The record reflects that Cohen was served with citation and the original petition at 12800 N.E. 5th Ave., Miami, FL 33161 (the 5th Avenue Property). The process server swore an affidavit, filed with the trial court as the return of service on September 7, 2017, averring that
on the 5th day of August, 2017 at 9:00 pm, I INDIVIDUALLY/PERSONALLY served Gil Cohen by delivering a true copy of the Original Petition for Divorce with Request for Discovery with the date and hour of service endorsed thereon by me, directly to Gil Cohen at the given address of: 12800 N.E. 5th Ave, Miami, FL 33161, and informed said person of the contents therein, in compliance with state statutes.
On October 11, 2017, Bar filed his verified "Inventory and Appraisement and Proposed Division of Property." The inventory listed as community property the 5th Avenue Property, which was described as "House at 12800 N.E. 5th Ave Miami Florida," and stated that it had a fair market value of $202,066 and a secured debt balance of $231,000. Bar's proposed division awarded the house to himself, creating a negative net value of $28,934. Bar also proposed that he receive a "Bank of America Checking Account" purportedly worth $9,000, clothing worth $2,000, and a "401 K Retirement" worth $2,000. The inventory also cited furniture ($5,000), TV ($2,000), a bicycle ($600), clothing ($200), and a "Bank of America Checking Account" purportedly worth $50,000, and Bar proposed that these items be assigned to Cohen. The inventory listed a "debt balance" of $1,500 for attorney's fees and "credit cards" debt of $50,000, which Bar proposed would be awarded to him. The inventory listed as Bar's separate property "265 N.E. 110th Street Miami Florida 33161[,] Rami Bar Locksmith INC." (the 110th Street Property and the Locksmith Business). The inventory did not contain account numbers, statements, or appraisals supporting any of Bar's representations.
The proposed property division thus resulted in Bar's seeking to be awarded from *769 the community estate the 5th Avenue Property along with the secured debt balance for that Property, $50,000 in "credit card" debt, one of the "Bank of America" accounts, clothing, and a "401 K Retirement" account, resulting in a negative net value of $67,734. The proposed property division also left Bar his separate property-the 110th Street Property and the Locksmith Business. Bar recommended that Cohen be awarded the "Bank of America" account purportedly containing $50,000 and other personal property, resulting in a total of $59,600 being awarded to Cohen.
The record contained a certification of Cohen's last-known mailing address as being the 5th Avenue Property, described as "12800 N. E. 5th Avenue, Miami, Florida 33161." It also contained a filing regarding Bar's current financial status and a certification that Cohen was not retired from military service.
The trial court held a hearing on October 12, 2017. Bar appeared in person and was represented by an attorney. Cohen did not appear, but the trial court noted that Cohen "was served with the Original Petition for Divorce via citation on the 5th day of August, 2017, at 12800 Northeast Fifth Avenue, Miami, Florida," and that "the citation was returned having been executed on September 7, 2017." The trial court further noted, "After review of the Court's file the Court notes that no written response appears in the Court's file from the Respondent [Cohen]."
The trial court also stated on the record that it took judicial notice of the "Nonmilitary Affidavit, Certificate of Last Known Address and Revised Inventory and Appraisement filed on October 11th, 2017 [and] ... the proposed Default Final Decree of Divorce filed on October 11th, 2017." Bar then provided sworn testimony on the record that he and Cohen were married, that Bar no longer wished to be married, and that there was no reasonable expectation of reconciliation. Bar further testified that, at the time he filed the petition for divorce, he had lived in Texas for at least six months and had lived in Harris County for at least 90 days. Bar testified that there were no children born or adopted during the marriage.
Bar further testified that the "Inventory and Proposed Property Division" accounted for all of the property that either he or Cohen owned to the best of his knowledge, and he testified that, due to "relative values of the Florida property and the debt, [he] ultimately [had] actually more debt than property[.]" Bar testified that he believed the allocation was fair to both himself and Cohen and asked the trial court to approve the proposed decree and grant the divorce.
The trial court then noted that "there's a property located at 12800 Northeast Fifth Avenue, Miami" and asked if that was to be awarded to Bar, which Bar's lawyer confirmed. The trial court asked, "And there's a confirmation of separate property as well, correct?" Bar identified the property as "265 Northeast, 110th Street, Miami, Florida, 33161," testifying that the property and business at that location-named Rami Bar Locksmith, Incorporated-belonged to him as his separate property. The trial court stated, "Your decree states 2031 West Creek Lane, Houston." Bar testified that he had moved the locksmith business to Houston and the West Creek address was its current location. The trial court asked, "You're telling me that's your separate property by way of what means that that's your separate property?" Bar responded, "It's before I got married."
On the record at the hearing, the trial court made an oral pronouncement that it granted the divorce on "grounds of insupportability"
*770 and approved the proposed division of the property set out in the Final Decree of Divorce stating, "The Court approves the division of the property as being a fair and equitable division of the assets and liabilities of the estate."
On October 12, 2017, the trial court signed the final decree. The decree contained findings that Bar's pleadings were "in due form" and that, "after receiving evidence, ... it has jurisdiction of this case and of all parties and that at least sixty days have elapsed since the date the suit was filed." The trial court also found that, "at the time this suit was filed, [Bar] had been a domiciliary of Texas for the preceding six-month period and a resident of the county in which this suit was filed for the preceding ninety-day period." The trial court found that "[a]ll persons entitled to citation were properly cited." The final decree dissolved the marriage and divided the marital estate. The decree awarded Bar the 5th Avenue Property, all of the personal property and cash in his possession, and his personal retirement accounts. The trial court awarded to Cohen personal property and cash in his possession and personal retirement accounts in Cohen's name. Regarding debts, the decree stated that both parties would be responsible for debts each incurred "from and after July 10, 2017," and any debts, taxes, or encumbrances "to become due on the real and personal property awarded to [him] in this decree unless express provision is made in this decree to the contrary." The decree also confirmed as separate property of Bar's the 110th Street Property and the Locksmith Business with an address of "2031 Westcreek Ln #605 Houston, TX 77027."
On January 29, 2018, Cohen filed his notice of restricted appeal. This appeal followed.
Default Divorce
Cohen asserts in three issues that the trial court erred in granting the default divorce, dividing the community estate such as the 5th Avenue Property and other personal property, and confirming the 110th Street Property and the Locksmith Business as Bar's separate property.
A. Elements of Restricted Appeal
In order to prevail in a restricted appeal, an appellant must prove that: (1) he filed the notice of restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying suit; (3) he did not participate at the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. Pike-Grant v. Grant , 447 S.W.3d 884, 886 (Tex. 2014) (per curiam) (citing Alexander v. Lynda's Boutique , 134 S.W.3d 845, 848 (Tex. 2004) ).
It is undisputed that Cohen filed his notice of restricted appeal within six months after the judgment was signed, that he was a party to the underlying suit, and that he did not participate in the hearing that resulted in the complained-of judgment or file any post-judgment motions. Thus, our analysis focuses on the fourth element of a restricted appeal-whether error is apparent on the face of the record. See ids="9249979" index="2" url="https://cite.case.law/sw3d/134/845/#p848">id.
B. Error on the Face of the Record
The face of the record, for purposes of a restricted appeal, consists of all the papers on file in the appeal, including the reporter's record. Wilson v. Wilson , 132 S.W.3d 533, 536 (Tex. App.-Houston [1st Dist.] 2004, pet. denied) ; Osteen v. Osteen , 38 S.W.3d 809, 813 (Tex. App.-Houston [14th Dist.] 2001, no pet.) (citing *771 Norman Commc'ns v. Tex. Eastman Co. , 955 S.W.2d 269, 270 (Tex. 1997) (per curiam) ).
Although, generally, no evidence is required to support a default judgment and a defendant's failure to appear or answer is taken as admission of the factual allegations in the plaintiff's petition, the rule is "narrower" in the context of default divorce cases. Osteen , 38 S.W.3d at 814 (citing Stoner v. Thompson , 578 S.W.2d 679, 682 (Tex. 1979), and Harmon v. Harmon , 879 S.W.2d 213, 217 (Tex. App.-Houston [14th Dist.] 1994, writ denied), to support statement of general rule). A defendant's failure to appear or answer in a divorce proceeding "is taken only as an admission of the allegations in the petition regarding residence and domicile," but it does not operate to admit the material allegations in the plaintiff's petition. Id. ; see also Wilson , 132 S.W.3d at 536-37 (holding, in default divorce case, that restricted appeal "confers jurisdiction upon the appellate court to review whether the evidence is legally and factually sufficient to support the judgment" and that evidence supporting trial court's division of marital estate was insufficient where "evidence that is apparent on the face of the record ... is sparse and inconsistent").
1. Personal Jurisdiction over Cohen
In his first issue on appeal, Cohen argues that the trial court lacked personal jurisdiction over him because he is a Florida resident.
Whether a trial court can exercise personal jurisdiction over a nonresident defendant is a question of law that we review de novo. BMC Software Belg., N.V. v. Marchand , 83 S.W.3d 789, 794 (Tex. 2002) ; Fuentes v. Zaragoza , 555 S.W.3d 141, 156 (Tex. App.-Houston [1st Dist.] 2018, no pet.). The plaintiff has the initial burden of pleading sufficient facts to bring a defendant within the reach of a Texas long-arm statute. Kelly v. Gen. Interior Constr., Inc. , 301 S.W.3d 653, 658 (Tex. 2010). If the plaintiff meets its initial burden, the burden then shifts to the defendant to negate all bases of personal jurisdiction alleged by the plaintiff. Id.
The Texas Family Code allows Texas courts to exercise personal jurisdiction over a nonresident spouse if the parties' last marital residence was in Texas, or if any other basis consistent with the state and federal constitutions exists. See TEX. FAM. CODE ANN. § 6.305(a) (West 2006). Section 6.305(a) provides:
(a) If the petitioner in a suit for dissolution of a marriage is a resident or a domiciliary of this state at the time the suit for dissolution is filed, the court may exercise personal jurisdiction over the respondent or over the respondent's personal representative although the respondent is not a resident of this state if:
(1) this state is the last marital residence of the petitioner and the respondent and the suit is filed before the second anniversary of the date on which marital residence ended; or
(2) there is any basis consistent with the constitutions of this state and the United States for the exercise of personal jurisdiction.
Id.
Here, Bar filed unchallenged pleadings asserting that, prior to his filing the petition for divorce in Harris County, Bar had been a domiciliary of Texas for at least six months and a resident of Harris County for at least ninety days. Bar also alleged in his petition for divorce that "Texas is the last state in which marital residence between [Bar] and [Cohen] occurred, and this suit is filed before the second anniversary of the date on which marital residence *772 ended." At the final hearing before the trial court, Bar supported his pleadings regarding his own residence and domicile by testifying that he had been a domiciliary of Texas for the six months preceding his filing of the suit and had been a Harris County resident for the preceding ninety days.
In his appellate brief, Cohen challenges Bar's pleadings and testimony before the trial court based on facts he has asserted for the first time on appeal. However, none of these allegedly contradictory facts appear on the face of the record. See Wilson , 132 S.W.3d at 537 ("[A] direct attack by restricted appeal may not rely on ... extra-record speculation.").
Considering the face of the record, as we must, we conclude that Bar met his initial burden to plead sufficient facts to bring Cohen within the reach of the Texas long-arm statute set out in Family Code section 6.305 by pleading that Texas was their last marital residence and that the suit had been filed before the second anniversary of the date on which their marital residence ended. See TEX. FAM. CODE ANN. § 6.305(a) ; Kelly , 301 S.W.3d at 658. The burden thus shifted to Cohen to negate the basis of personal jurisdiction alleged by Bar, but nothing in the record of this case indicates that Cohen has met this burden. See Kelly , 301 S.W.3d at 658. Accordingly, we cannot conclude that trial court erred in finding long-arm jurisdiction over Cohen as a non-resident defendant.
We overrule Cohen's first issue.[1]
2. Service
In his second issue, Cohen argues that he did not receive service of process and thus he was denied due process.
When reviewing a default judgment in a restricted appeal, we do not indulge any presumption in favor of proper issuance, service, and return of citation. See Wachovia Bank of Del., N.A. v. Gilliam , 215 S.W.3d 848, 848 (Tex. 2007) (per curiam); Bank of N.Y. v. Chesapeake 34771 Land Trust , 456 S.W.3d 628, 631 (Tex. App.-El Paso 2015, pet. denied). "If the record fails to show strict compliance with the rules relating to the issuance, service, and return of citation, error is apparent on the face of the record, and the attempted service of process is invalid." Bank of N.Y. , 456 S.W.3d at 631 ; see also Wilson v. Dunn , 800 S.W.2d 833, 836 (Tex. 1990) ("For well over a century the rule has been firmly established in this state that a default judgment cannot withstand direct attack by a defendant who complains that he was not served in strict compliance with applicable requirements.").
The record here shows that the requirements for issuance, service, and return of citation were met. See, e.g. , TEX. R. CIV. P. 106 (setting out general requirements for issuance, service, and return of citation). Cohen was correctly identified in the citation and return of service and the return indicated that he was served in person at the correct address. Cohen does not argue on appeal that service was performed through an improper method or that the citation or return were procedurally defective in some way. Instead, he argues that, contrary to the statement in *773 the return that he was served in person, he never received service. However, his factual representations that the statements in the return of service were inaccurate do not appear in the record. See Wilson , 132 S.W.3d at 537 ("[A] direct attack by restricted appeal may not rely on ... extra-record speculation.").
Because Cohen cannot point to any error in the service or return of citation that is apparent on the face of the record, we cannot conclude that the trial court's default judgment deprived him of due process on this basis. See Bank of N.Y. , 456 S.W.3d at 631 ("If the record fails to show strict compliance with the rules relating to the issuance, service, and return of citation, error is apparent on the face of the record , and the attempted service of process is invalid.") (emphasis added).
We overrule Cohen's second issue.
3. Sufficiency of the Evidence Supporting Division of the Marital Estate and Confirmation of Bar's Separate Property
In his third issue, Cohen argues that the trial court abused its discretion by awarding Bar all of the marital estate's real property and by confirming certain assets as Bar's separate property, when no evidence was presented to prove by clear and convincing evidence that these assets were not community property.
We are mindful that Cohen's failure to appear or answer in this default divorce proceeding "is taken only as an admission of the allegations in the petition regarding residence and domicile" and not as an admission to the material allegations in Bar's petition. See Osteen , 38 S.W.3d at 814 ; see also Wilson , 132 S.W.3d at 536 (holding, in default divorce case, that restricted appeal "confers jurisdiction upon the appellate court to review whether the evidence is legally and factually sufficient to support the judgment"). Thus, despite Cohen's failure to answer or appear, Bar still bore the burden of proving the material allegations in his petition regarding the division of the community estate and the confirmation of his separate property. See Wilson , 132 S.W.3d at 536-37 ; Osteen , 38 S.W.3d at 814.
We review property division issues in family-law cases for an abuse of discretion. Wilson , 132 S.W.3d at 536. The trial court has broad discretion in dividing the community property of the parties. See ids="9277715" index="30" url="https://cite.case.law/sw3d/132/533/#p536">id. "If a court of appeals finds reversible error that materially affects the trial court's 'just and right' division of property, then it must remand the entire community estate for a new division of the property." Id. (citing Jacobs v. Jacobs , 687 S.W.2d 731, 733 (Tex. 1985) ). Under an abuse of discretion standard, legal and factual insufficiency are not independent grounds for asserting error but are relevant factors in assessing whether a trial court abused its discretion. Smith v. Karanja , 546 S.W.3d 734, 737-38 (Tex. App.-Houston [1st Dist.] 2018, no pet.) ; see Wilson , 132 S.W.3d at 536.
When an appellant challenges the legal and factual sufficiency of the evidence in a case where the proper standard of review is abuse of discretion, we engage in a two-pronged analysis: (1) whether the trial court had sufficient information upon which to exercise its discretion, and (2) whether the trial court erred in its application of discretion. Stamper v. Knox , 254 S.W.3d 537, 542 (Tex. App.-Houston [1st Dist.] 2008, no pet.) ; Gardner v. Gardner , 229 S.W.3d 747, 751 (Tex. App.-San Antonio 2007, no pet.). In conducting a legal-sufficiency review, an appellate court reviews all the evidence in a light favorable to the finding, crediting favorable evidence if a reasonable factfinder could do so and disregarding contrary *774 evidence unless a reasonable factfinder could not. City of Keller v. Wilson , 168 S.W.3d 802, 827 (Tex. 2005) ; Brown v. Brown , 236 S.W.3d 343, 348 (Tex. App.-Houston [1st Dist.] 2007, no pet.). In a factual-sufficiency review, we consider all the evidence for and against the challenged finding and set the finding aside only if the evidence is so weak as to make the finding clearly wrong and manifestly unjust. Cain v. Bain , 709 S.W.2d 175, 176 (Tex. 1986) (per curiam).
Regarding the confirmation of separate property, we observe that "[p]roperty possessed by either spouse during or on dissolution of marriage is presumed to be community property" unless its characterization as separate property is proved by "clear and convincing evidence." Maldonado v. Maldonado , 556 S.W.3d 407, 414 (Tex. App.-Houston [1st Dist.] 2018, no pet.) (quoting TEX. FAM. CODE ANN. § 3.003 (West 2006) ). In reviewing the legal sufficiency of the evidence when the burden of proof is clear and convincing evidence, we consider all of the evidence in the light most favorable to the factfinder's determination and will uphold the finding if a reasonable factfinder could have formed a firm belief or conviction that its finding was true. In re J.F.C. , 96 S.W.3d 256, 266 (Tex. 2002). When reviewing the factual sufficiency of the evidence, we view all the evidence in a neutral light and inquire whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the allegations, giving "due consideration to evidence that the factfinder could reasonably have found to be clear and convincing" and not "supplant[ing] the [factfinder's] judgment with [our] own." Id. ; see In re H.R.M. , 209 S.W.3d 105, 108 (Tex. 2006).
Here, the evidence was insufficient to support the trial court's division of the marital estate and confirmation of Bar's separate property. The trial court took judicial notice of the verified inventory filed by Bar, and Bar testified that the "Inventory and Proposed Property Division" accounted for all of the property that either he or Cohen owned to the best of his knowledge. Bar testified that, due to "relative values of the Florida property and the debt, [he] ultimately [had] actually more debt than property[.]" Bar testified that he believed the allocation set out in his inventory and proposed property division was fair to both himself and Cohen, and he asked the trial court to approve the proposed division and grant the divorce. The trial court noted that the 5th Avenue Property was to be awarded to Bar, which Bar's lawyer confirmed.
However, the inventory provided by Bar was conclusory and did not fully identify the assets and property that allegedly formed the community estate. The inventory did not contain account numbers, statements of accounts, appraisals, or any other evidence identifying and supporting Bar's valuation of the various assets listed. See, e.g. , Viera v. Viera , 331 S.W.3d 195, 207 (Tex. App.-El Paso 2011, no pet.) (holding that sworn inventory is simply another form of testimony and as such must be supported by other evidence); see also Cox v. Cox , No. 01-15-00063-CV, 2016 WL 4055079, at *2 (Tex. App.-Houston [1st Dist.] July 28, 2016, no pet.) (mem. op.) (discussing contents of sworn inventory in light of local Harris County rules as including, among other things, "each liability, listing its amount, the number of periodic payment in arrears, if any, the property securing its payment, and the name of the creditor," and requiring each party to "incorporate as an exhibit to the inventory the last information furnished about his or her rights and monetary interest in the retirement and savings plans") (internal *775 quotations omitted). Although the inventory ascribes a value to the 5th Avenue Property, it does not contain an appraisal or any other basis for the value assigned.
Bar's testimony at trial likewise failed to provide any such information. There was no testimony or other evidence establishing the value of the 5th Avenue Property or the creditor. There was no identification of the various accounts divided between Bar and Cohen other than Bar's describing them both as a "Bank of America Checking Account," without any information to distinguish between the two except for the purported balances of $50,000 and $9,000, which were likewise unsupported by any statements indicating the actual balance of either account.
Likewise, although the final decree referenced other personal property and accounts in addition to the 5th Avenue Property, there was no testimony or evidence regarding the value of any of that property. There was no testimony regarding the value of the marital estate generally. See Wilson , 132 S.W.3d at 537 ("If the division of marital property lacks sufficient evidence in the record to support it, then the trial court's division is an abuse of discretion."); Sandone v. Miller-Sandone , 116 S.W.3d 204, 207-08 (Tex. App.-El Paso 2003, no pet.) (holding that trial court abused its discretion in dividing property because there was no evidence of community estate's value).
Regarding the confirmation of Bar's separate property, Bar's inventory identified the 110th Street Property as his separate property. Bar asserts that he testified that the property and business at that location, named Rami Bar Locksmith, Incorporated, belonged to him as his separate property. He argues that his testimony on the subject is "uncontradicted" and is sufficient to establish that the 110th Street Property and Locksmith Business were his separate property. However, his testimony on this issue is unclear.
The trial court noted that Bar's proposed decree "states 2031 West Creek Lane, Houston" as the address of Bar's business, and the trial court referenced the West Creek address immediately prior to asking, "You're telling me that's your separate property by way of what means that that's your separate property?" Bar answered, without clarifying which property he was referring to, "It's before I got married." Thus, his testimony on this topic is "sparse" and contains inconsistencies. See Wilson , 132 S.W.3d at 537 (holding that trial court abused its discretion in characterizing community versus separate property based on "sparse and inconsistent" evidence). Taken in context, his testimony does not clearly identify which assets were Bar's before he got married or trace the relationship between the 110th Street Property in Miami, the Locksmith Business, and the Wood Creek address in Houston. See ids="9277715" index="49" url="https://cite.case.law/sw3d/132/533/#p536">id. at 537-38 ; see also O'Neal v. O'Neal , 69 S.W.3d 347, 350 (Tex. App.-Eastland 2002, no pet.) (reversing default judgment in restricted appeal because record contained no evidence as to value of any property divided by trial court, no evidence of any improvements to land, and no evidence as to whether land was separate or community property).
We sustain Cohen's third issue.
Conclusion
We reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

We note, however, that a special appearance may still be granted even after a default judgment. See, e.g. , Long Island Pipe, Inc. v. QT Trading, LP , No. 01-18-00012-CV, 2018 WL 3353015, at *7 (Tex. App.-Houston [1st Dist.] July 10, 2018, no pet.) (mem. op.); Lewis v. Lewis , No. 13-11-00118-CV, 2011 WL 4424445, at *2 (Tex. App.-Corpus Christi Sept. 22, 2011, no pet.) (mem. op.); Xenos Yuen v. Fisher , 227 S.W.3d 193, 199 (Tex. App.-Houston [1st Dist.] 2007, no pet.) ; Lang v. Capital Res. Invs. I, LLC , 102 S.W.3d 861, 864-65 (Tex. App.-Dallas 2003, no pet.).