**Opinion issued December 17, 2020**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-19-01013-CV

————————————

**SARAH HADEN, Appellant**

**V.**

**LANCE KIAN GRANMAYEH, Appellee**

---

**On Appeal from the 311th District Court**
**Harris County, Texas**
**Trial Court Case No. 2012-59856**

---

## MEMORANDUM OPINION

This is an appeal from the trial court's judgment for child support arrearages. On appeal, Sarah Haden challenges the legal and factual sufficiency of the evidence to support the judgment ordering her to pay arrearages for nonpayment of child support to Lance Kian Granmayeh. We affirm.

## Background

Sarah and Lance divorced in December 2013, and the trial court ordered Lance to pay Sarah $2,125 in child support each month for their two young children.[1] About four years later, Lance petitioned the court to modify his monthly child-support obligation. In January 2017, the trial court granted Lance's motion for modification and ordered Sarah to pay Lance $945 per month in child support ("January 2017 order").[2]

Sarah filed a motion for new trial to overturn the January 2017 order., The court's associate judge recused herself and the case was assigned to a different court. On May 4, 2017, the new court granted Sarah's motion for new trial and vacated the January 2017 order because the associate judge of the previous court had become constitutionally disqualified from presiding over any portion of the case.

On May 22, 2017, the trial court signed an order clarifying previous orders in the case without addressing either party's obligation to pay child support. In November 2018, the trial court signed an order clarifying the May 22, 2017 order after finding it "ambiguous" and "unenforceable." The clarifying order provided that

---

[1]     When, as here, an appellee does not file a brief, this Court may accept any factual statement made in the appellant's brief as true. *See* TEX. R. APP. P. 38.1(g) ("In a civil case, the court will accept as true the facts stated [in the appellant's brief] unless another party contradicts them.").

[2]     Between January 1, 2017 through May 4, 2017, Sarah owed $4,725 for five months of her child support obligation. She had paid $3,780 to Lance during this period.

Lance had to pay monthly child support to Sarah of $2,125 and that those payments should have begun on June 1, 2017, and continued "until further order of the court."

In January 2019, Lance moved for reconsideration of the order granting the motion for new trial. On March 22, 2019, the trial court granted his motion, set aside and vacated the May 4, 2017 order, and reinstated the January 2017 order, requiring Sarah to pay $945 in monthly child support. Sarah petitioned this Court for writ of mandamus challenging this order, which was denied.

In September 2019, Lance moved to enforce the child-support order. In his motion for enforcement, Lance claimed that Sarah's unpaid child-support arrearages from January 2017 through September 2019 totaled $27,405. Lance supported his motion with a table that he prepared and attached to his enforcement motion. He asked the court to hold Sarah in civil and criminal contempt for failing to pay child support. He also asked for confirmation of all arrearages and rendition of judgment, plus interest on arrearages, attorney fees, and costs.

Sarah responded, alleging that it was impossible to perform under the January 17 order and that the conflicting orders in place during different time periods made the orders too vague to follow. At the hearing, counsel for Lance argued that he sought to hold Sarah in contempt for nonpayment of child support from January 2017 to April 2017 and then again from April 2019 to September 2019 when no competing child-support orders existed.

Sarah introduced the November 2018 clarifying order to establish that Lance was required to pay child support. After the hearing, the trial court found that Sarah was $27,405 in arrears for January 1, 2017 through September 1, 2019. The trial court granted Lance a cumulative judgment for child support arrearages against Sarah for $27,405, plus interest. Sarah appealed the court's arrearages ruling.

## Judgment for Child Support Arrears

In two issues, Sarah challenges the legal and factual sufficiency of the evidence to support the trial court's arrearages determination.[3] She argues that it was impossible for her to pay child support during a time that the trial court found the payments were due when a competing order requiring Lance to pay child support existed. She also argues that Lance failed to prove that Sarah had knowledge of her duty to pay child support.

### A. Standard of review

We review a trial court's ruling confirming child support arrearages for an abuse of discretion. *Att'y Gen. of Tex. v. Stevens*, 84 S.W.3d 720, 722 (Tex. App.— Houston [1st Dist.] 2002, no pet.). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner, without reference to any guiding rules or principles. *See Kendall v. Kendall*, 340 S.W.3d 483, 507 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (citing *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990)

---

[3] Sarah does not challenge the trial court's contempt ruling.

(per curiam)). A trial court's failure to "analyze or apply the law correctly will constitute an abuse of discretion." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). Under the abuse-of-discretion standard, legal and factual sufficiency are not independent grounds of error but are merely factors in determining whether the trial court abused its discretion. *See London v. London*, 94 S.W.3d 139, 143–44 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (citing *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991)).

We address whether the trial court abused its discretion in two parts. First, we assess whether the trial court had sufficient information to exercise its discretion. *Cohen v. Bar*, 569 S.W.3d 764, 773 (Tex. App.—Houston [1st Dist.] 2018, pet. denied). We then assess whether the trial court erred in its exercise of discretion. *Id*. For legal sufficiency, we review all the evidence in a light favorable to the finding, crediting favorable evidence if a reasonable factfinder could do so and disregarding contrary evidence unless a reasonable factfinder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex. 2005). For factual sufficiency, we consider all the evidence for and against the challenged finding and set the finding aside "only if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust." *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (per curiam).

**B.** **Applicable law**

Section 157.263 of the Family Code provides for confirmation of child support arrearages when a party moves to enforce the payment of child support:

> a) If a motion for enforcement of child support requests a money judgment for arrearages, the court shall confirm the amount of arrearages and render one cumulative money judgment.
>
> (b) A cumulative money judgment includes:
>
>> (1) unpaid child support not previously confirmed;
>>
>> (2) the balance owed on previously confirmed arrearages or lump sum or retroactive support judgments;
>>
>> (3) interest on the arrearages; and
>>
>> (4) a statement that it is a cumulative judgment.

TEX. FAM. CODE § 157.263. "[A] trial court instructed to 'confirm the amount of arrearages' is to determine the quantity of the child-support obligation that the obligor has failed to meet." *Ochsner v. Ochsner*, 517 S.W.3d 717, 721 (Tex. 2016). The arrearage calculation simply calculates the difference between the payments made by obligor and the payments required under the child-support order. *Buzbee v. Buzbee*, 870 S.W.2d 335, 340 (Tex. App.—Waco 1994, no writ) (arrearages is "an arithmetic procedure: What the obligor owes less what the obligor has paid"). Although the trial court has discretion to determine child-support arrearages, its "discretion is very limited" because the "calculations must be based on the payment evidence presented." *Chenault v. Banks*, 296 S.W.3d 186, 190 (Tex. App.—Houston

[14th Dist.] 2009, no pet.); *Interest of B.E.W.*, No. 14-18-00733-CV, 2020 WL 4211629, at *6 (Tex. App.—Houston [14th Dist.] July 23, 2020, no pet.). We now turn to the first part of our inquiry of determining whether the trial court had sufficient information to exercise its discretion in confirming the amount of arrearages and rendering a cumulative judgment against Sarah. *See Cohen*, 569 S.W.3d at 773.

## C. Analysis

Lance moved to enforce the child-support order seeking $27,405 from Sarah for unpaid child support from January 2017 through September 2019. The January 2017 order governed Sarah's child-support, and Sarah needed to pay Lance $945 in monthly child support. In May 2017, however, the trial court vacated the January 2017 order after Sarah moved for a new trial. A judgment that has been "vacated has no legal effect" and "the matter stands precisely as if there had been no judgment." *Pringle v. Moon*, 158 S.W.3d 607, 610 (Tex. App.—Fort Worth 2005, no pet.). Thus, the May 2017 order vacating the January 2017 order extinguished Sarah's child-support obligation altogether. *See id.*; *P.V. Intern. Corp. v. Turner, Mason, & Solomon*, 700 S.W.2d 21, 22 (Tex. App.—Dallas 1985, no writ).

After the January 2017 order had been vacated, the trial court signed a new order requiring Lance to pay Sarah monthly child support of $2,125. Sarah's evidence shows that Lance needed to pay child support from June 1, 2017 through

March 22, 2019. But, as of March 22, 2019, Lance was no longer required to pay child support to Sarah because the trial court granted Lance's motion for reconsideration, vacated the May 4, 2017 order, and reinstated the January 2017 order. Like Sarah's previous child-support obligation, the trial court's March 2019 order extinguished Lance's child-support obligation and reinstated Sarah's duty to pay monthly child support. *See Pringle*, 158 S.W.3d at 610; *P.V. Intern.*, 700 S.W.2d at 22. Nothing in the record shows that Sarah did not know she had to pay child support under the January 2017 order. Indeed, Sarah was fully aware of her child-support obligations because she petitioned for writ of mandamus challenging the March 2019 order, and this Court denied her petition.

Our careful review of the record shows that as of the March 2019 order, no competing order existed. "When a judgment has been set aside, neither that judgment nor any other former judgment in the case ever again becomes the judgment of the court unless the trial court expressly reinstates it and, in effect, renders a new judgment on the later date." *P.V. Intern.*, 700 S.W.2d at 22; *Keathley v. Baker*, No. 12-11-00151-CV, 2013 WL 1342524, at *4 (Tex. App.—Tyler Apr. 3, 2013, no pet.) (mem. op.). Because the March 2019 order reinstated the January 2017 order, Sarah was therefore obligated to pay Lance $945 monthly from January 2017 through September 2019.

When Lance moved for enforcement, the court conducted an "arithmetic procedure" of determining Sarah's arrearages. *See Buzbee*, 870 S.W.2d at 340. The record shows that Sarah owed $31,185 for the total amount of child support accrued between January 2017 and September 2019. The record also shows that she made various payments totaling $3,780 in child support during this period. The difference between the amount Sarah owed and the amount she paid was $27,405. Following a hearing on the motion for enforcement, the trial court signed an order:

> The Court further finds and confirms that Respondent is in arrears in the amount of $27,405.00 for the period of January 1, 2017 through September 1, 2019. IT IS ORDERED that LANCE KIAN GRANMAYEH is granted a cumulative judgment for child support arrearages, including accrued interest, against Respondent, SARAH HADEN IN THE AMOUNT OF $27,405.00, with such judgment bearing interest at 6 percent simple interest per year from the date this order is signed.

Viewing all the evidence in a light favorable to the trial court's finding of unpaid child support, we conclude that the evidence is legally sufficient to support the trial court's finding that Sarah owed $27,405 to Lance for child-support arrearages. *See Wilson*, 168 S.W.3d at 827. After considering all the evidence for and against the trial court's arrearages determination, we cannot say that the trial court's finding is "so weak as to make the finding clearly wrong and manifestly unjust." *See Dow*, 46 S.W.3d at 242. We therefore hold that the trial court did not abuse its discretion.

## Conclusion

Because legally and factually sufficient evidence supports the trial court's finding that Sarah owed Lance $27,405 in child support arrearages, we affirm the judgment of the trial court.

Sarah Beth Landau
Justice

Panel consists of Justices Goodman, Landau, and Adams.