

# NUMBER 13-20-00313-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN THE MATTER OF THE MARRIAGE OF
## NATALIA KORNEGAY FLORES AND RENE FLORES

## On appeal from the County Court at Law No. 2
## of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Hinojosa and Silva**
**Memorandum Opinion by Justice Silva**

This is a restricted appeal from a final decree of divorce. Appellant Rene Flores raises three issues in which he alleges that the final decree of divorce should be set aside because: (1) he did not receive notice of the final hearing; (2) the evidence was legally and factually insufficient to support the division of the marital property and debts; and (3) "patent errors and misstatements and blanks in the [decree] render it void or voidable." We affirm in part, and reverse and remand in part.

## I.  BACKGROUND

On December 9, 2014, appellee Natalia Kornegay Flores[1] filed for divorce from Flores. Kornegay's petition stated in part that the parties "were married on or about May 22, 1992, and ceased to live together as husband and wife on or about December 2014." There were no children of the marriage. Flores filed an original answer on February 6, 2015.

At the outset, we note that the clerk's record on appeal contains few copies of filings between 2014 and 2020, when the divorce decree was signed. However, a case summary in the record indicates several hearings were set in that period, including one on a motion for a temporary restraining order, presumably filed by Kornegay.[2]

On October 13, 2017, Flores's trial counsel filed a motion to withdraw and sent notice to Kornegay's counsel and to Flores at 216 Birch Street, Donna, Texas.[3] The trial court's signed order granting counsel's motion to withdraw does not appear in the record.[4] According to the case summary, there was only one hearing setting in 2018, but the record does not reflect what, if anything, transpired at that hearing.

On November 25, 2019, the trial court issued an order setting the case for a final hearing on January 13, 2020. The order indicates that it was sent to Kornegay's counsel

---

[1] Kornegay has not filed a brief to assist us in the resolution of this appeal.

[2] The trial court's docket entry indicates that Flores was ordered to leave the couple's "shared residence" by November 10, 2016.

[3] On appeal, Flores maintains this is the address that he resided at when the final hearing notice was sent.

[4] The case summary indicates that the trial court granted Flores's trial counsel's motion to withdraw at a hearing on the motion on or about November 13, 2017.

and to Flores at 826 North 7th Street, Alamo, Texas.[5] No other information concerning service of notice is in the record. Further, the record does not reflect where Flores resided at the time notice was sent or whether Flores had provided the clerk of the court with his updated address, if it had changed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 30.015 (providing parties have an obligation to notify the clerk of the court with written notice if the party changes its address during the course of civil litigation).

At the January 13, 2020 hearing, Kornegay and her counsel were present but Flores did not appear. After Kornegay's counsel stated on the record that notice was provided to "the address [Flores] resides at," the trial court proceeded. Kornegay was the sole witness, and her testimony was brief.

The decree of divorce was signed by the trial court on January 23, 2020, and the marital assets were divided as follows: Flores was awarded "[t]he business known as FLORES CONCRETE FINISHERS, including but not limited to all furniture, fixtures, machinery, equipment, inventory, cash, receivables, accounts, goods, and supplies . . . ." Kornegay was awarded real property located at 826 North 7th Street, Alamo, Texas; real property located at 521 South Huisache, Pharr, Texas; three vehicles; and a "horse trailer." Additionally, the order decreed that each spouse be responsible for several outstanding debts. The decree further permanently enjoined Flores from communicating

---

[5] At the bottom of the trial court's setting order, the following language appears:

CC:

Hector Bustos, The Law Office of Hector Bustos; 220 S. Jackson Road, Edinburg Texas 78539 . . . .
Rene Flores; 826 N. 7th St. Alamo, Tx. 78516

3

with Kornegay or "[c]oming within 25 feet of, entering, or remaining on the premises of the residence of [Kornegay], located at 826 North 7th Street, Alamo, Texas."

On July 23, 2020, Flores filed a notice of restricted appeal.

## II.    RESTRICTED APPEAL

To prevail on a restricted appeal, an appellant must demonstrate:

(1)    he filed notice of the restricted appeal within six months after the judgment was signed;

(2)    he was a party to the underlying lawsuit;

(3)    he did not participate in the hearing that resulted in the judgment complained of, and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and

(4)    error is apparent on the face of the record.

*Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020) (citing *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam)); *see* TEX. R. APP. P. 30. "For these purposes, the 'face of the record' consists of all the papers that were before the trial court at the time it rendered judgment." *Ex parte Vega*, 510 S.W.3d 544, 547 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.). "The requirement that error be apparent on the face of the record means that 'error that is merely inferred [from the record] will not suffice.'" *Id.* (quoting *Ginn v. Forrester*, 282 S.W.3d 430, 431 (Tex. 2009) (per curiam) (alteration in original)).

Flores established the first three elements. *See id.* Thus, the only remaining issue is whether Flores has demonstrated that any of the errors he complains of—namely, that the trial court failed to notify him of the setting and that the evidence presented was factually and legally insufficient to support the decree—are apparent from the face of the

4

record. *See* TEX. R. APP. P. 30; *Eguia v. Eguia*, 367 S.W.3d 455, 459 (Tex. App.—Corpus Christi–Edinburg 2012, no pet.).

### III.    NOTICE

Flores argues he did not participate in the final hearing because the trial court failed to notify him of the setting, and such error is apparent from the record. Having reviewed the record, we are unable to agree. *See Ginn*, 282 S.W.3d at 432–33; *Ex parte Vega*, 510 S.W.3d at 547.

An appellant who alleges error apparent on the face from the record due to the absence of notice carries a heavy burden because there exists a presumption that notice occurred, *Brandon v. Rudisel*, 586 S.W.3d 94, 99 (Tex. App.—Houston [14th Dist.] 2019, no pet.), and "the absence of proof in the record that notice was provided does not establish error on the face of the record." *Ginn*, 282 S.W.3d at 433 (observing additionally that "rules do not impose upon the clerk an affirmative duty to record the mailing of the required notices").

Although several inferences may be made, the record is unclear as to: (1) where Flores resided at the time the notice was issued; and (2) what address was on file for Flores at the time notice was issued. *See Ginn*, 282 S.W.3d at 433 (concluding error not apparent on the face of the record where record was silent regarding notice); *Wolfe v. Grant Prideco, Inc.*, 53 S.W.3d 771, 774 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (concluding same where nothing "shows that the address in the court's central register was incorrect on the date the notices were sent or that [appellant] did not, in fact, receive it"); *see generally* TEX. CIV. PRAC. & REM. CODE ANN. § 30.015. Thus, we are unable to determine from the face of the record whether notice was issued erroneously

as Flores claims. *See Ex parte Vega*, 510 S.W.3d at 547.

We overrule Flores's first issue.

## IV.     DIVISION OF MARITAL ESTATE

By his second issue, Flores asserts that the evidence provided at the hearing was factually and legally insufficient to support the decree. Specifically, he avers that the trial court had no reasonable basis for dividing the community estate disproportionately in Kornegay's favor and such error is apparent on the face of the record. For reasons set forth below, we agree.

### A.     Standard of Review and Applicable Law

We review a trial court's division of property under an abuse of discretion standard. *Bradshaw v. Bradshaw*, 555 S.W.3d 539, 543 (Tex. 2018). "[A] trial court has no discretion in determining what the law is or applying the law to the facts." *Id.* (quoting *In re State Farm Lloyds*, 520 S.W.3d 595, 604 (Tex. 2017)).

Pursuant to the Texas Family Code, "[i]n a decree of divorce . . . , the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party . . . ." TEX. FAM. CODE ANN. § 7.001. "[T]he phrase 'estate of the parties' encompasses the community property of a marriage." *Pearson v. Fillingim*, 332 S.W.3d 361, 362 (Tex. 2011) (per curiam). "Although a trial court does not have to divide the marital estate equally, it must do so equitably." *Kaftousian v. Rezaeipanah*, 511 S.W.3d 618, 622 (Tex. App.—El Paso 2015, no pet.); *see also Willmore v. Alcover*, No. 13-16-00180-CV, 2018 WL 1417556, at *3 (Tex. App.—Corpus Christi–Edinburg Mar. 22, 2018, no pet.) (mem. op.). The onus is on the parties to provide the trial court with "sufficient information upon which to exercise its discretion." *Sandone*

6

*v. Miller-Sandone*, 116 S.W.3d 204, 206 (Tex. App.—El Paso 2003, no pet.); *see Murff v. Murff*, 615 S.W.2d 696, 699 (Tex. 1981) (listing non-exclusive factors a trial court considers in an unequal division of the marital estate). "There is generally no abuse of discretion on grounds of insufficiency if some probative evidence supports the trial court's findings." *Banker v. Banker*, 517 S.W.3d 863, 870 (Tex. App.—Corpus Christi–Edinburg 2017, pet. denied); *see Sandone*, 116 S.W.3d at 206; *see also B.K. v. T.K.*, No. 02-19-00472-CV, 2021 WL 2149621, at *3 (Tex. App.—Fort Worth May 27, 2021, no pet.) (mem. op.) ("Evidence is legally insufficient to support a decree's property division when no evidence of the divided property's value is adduced.").

## B.     Analysis

Kornegay's counsel elicited limited testimony from Kornegay at the hearing. Testimony concerning the division of community assets reads in its entirety:

> [Counsel:]     There's real property and there's other assets that are part of the community estate?
>
> [Kornegay:]   Yes.
>
> [Counsel:]     And you have itemized exactly what you're going to keep and what he's going to keep?
>
> [Kornegay:]   Yes.
>
> [Counsel:]     In this final divorce decree there was a business—Flores Concrete which you will give to your husband, or that you will relinquish your 50 percent interest of the business to your husband?
>
> [Kornegay:]   Yes.
>
> [Counsel:]     And he'll be responsible for all taxes that are due and are left owing . . . ?
>
> [Kornegay:]   Yes.

7

> [Counsel:] And you've itemized the property that will go to you at 826 North 7th Street, Alamo, Texas, 78516?
>
> [Kornegay:] Yes.
>
> [Counsel:] And there's several vehicles, there's a GMC Yukon, there's a Chevrolet Silverado, 2004, and an '88 dump truck, a GMC, that will be in your possession?
>
> [Kornegay:] Yes, sir.

No exhibits were offered or admitted. *See Banker*, 517 S.W.3d at 871 (providing that a party's inventory must be admitted into evidence before "it may . . . be considered as evidence of a property's characterization of value"). No other document in the record indicates the value of any part of the marital estate or debts. *See Watson v. Watson*, 286 S.W.3d 519, 524 (Tex. App.—Fort Worth 2009, no pet.) (concluding the trial court abused its discretion where "[t]here is no evidence of the extent or value of the marital estate or debts," and "[t]here is no evidence to support a disproportionate division of the community estate"); *see also Pena v. Pena*, No. 13-17-00585-CV, 2018 WL 3301920, at *2 (Tex. App.—Corpus Christi–Edinburg July 5, 2018, no pet.) (mem. op.) (concluding the same where "a review of the record shows a total absence of evidence in support of an unequal division of property," and the parties "only identified the items to be divided" but did not "testify [to] or otherwise introduce any evidence into the record in support of any of the factors that a trial court may consider in unequally dividing the parties' community estate").

We conclude that there is no evidence in the record to support the trial court's division and that without sufficient evidence to make such a decision, the trial court abused its discretion. *See Watson*, 286 S.W.3d at 524; *cf. Schindler v. Schindler*, No. 13-

16-00483-CV, 2018 WL 3151857, at *6 (Tex. App.—Corpus Christi–Edinburg June 28, 2018, no pet.) (mem. op.) (concluding that appellant "did not meet his burden to show that the trial court's division was an abuse of discretion" where "an exhibit was admitted showing a proposed property division based on the values of the community property and debts owed"). Accordingly, with respect to the trial court's division of the marital estate, including community debts, we conclude there is error on the face of the record. *See Ex parte E.H.*, 602 S.W.3d at 495.

We sustain Flores's second issue. *See Cohen v. Bar*, 569 S.W.3d 764, 773 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) ("If a court of appeals finds reversible error that materially affects the trial court's 'just and right' division of property, then it must remand the entire community estate for a new division of the property." (quoting *Wilson v. Wilson*, 132 S.W.3d 533, 536 (Tex. App.—Houston [1st Dist.] 2004, pet. denied))).

## V.     VOID DECREE

By Flores's third issue, he asserts the "patent errors and misstatements and blanks in the divorce decree rendered it void or voidable."

Flores does not, however, support this issue with references to relevant authority or to the record, presenting instead a largely conclusory argument.[6] Accordingly, we overrule the issue as inadequately briefed. *See* TEX. R. APP. P. 38.1(i); *JNM Express, LLC*

---

[6] Flores's argument is as follows:

In the case at bar, as detailed in the Statement of Facts above, contradictions, unfilled blanks which require essential identifying information, and clear misstatements abound. Such Decree is unenforceable and should be declared void by this court, the judgment reversed and remanded for trial in the court below.

The only authority which precedes these conclusory statements concerns a trial court's inability to amend, modify, alter, or change the final decree under "[§] 3.71 of the Texas Family Code," a since repealed provision.

*v. Lozano*, 627 S.W.3d 682, 697 (Tex. App.—Corpus Christi–Edinburg 2021, pet. filed) (concluding an issue inadequately briefed where "[a]ppellants fail to cite the record at all during this argument, and they only cite a single case, without any explanation as to how the case supports their position"); *see also In re K.S.*, No. 13-19-00416-CV, 2021 WL 317656, at *6 (Tex. App.—Corpus Christi–Edinburg Jan. 28, 2021, no pet.) (mem. op.) (concluding same where appellant's "argument in support of this issue is conclusory," and "she fails to support her argument with citation to the record or pertinent authority"). We overrule Flores's third issue.

## VI. CONCLUSION

Having sustained Flores's second issue, we reverse the portion of the judgment addressing the division of community property, including debts, and we remand for further proceedings consistent with this memorandum opinion. The remainder of the judgment, including the provision granting the parties' divorce, is affirmed.

CLARISSA SILVA
Justice

Delivered and filed on the
21st day of December, 2021.

10