**Affirmed in Part, Reversed and Remanded in Part, and Memorandum Opinion filed April 16, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00501-CV

---

### FREDERICK LOUIS PUGH, Appellant

### V.

### BARBARA WINFIELD-PUGH, Appellee

---

**On Appeal from the County Court at Law No. 1
Galveston County, Texas
Trial Court Cause No. 23-FD-0186**

---

## M E M O R A N D U M   O P I N I O N

Appellant Frederick Louis Pugh appeals from a final decree of divorce in favor of appellee Barbara Winfield-Pugh. Frederick contends the trial court abused its discretion "in awarding any monies and properties" to Barbara because: (1) he filed a "counter divorce petition" and bench warrant motion before the default hearing; (2) there is no evidence supporting the money and property awarded to Barbara; and (3) he never consented to nor agreed to the divorce decree. Because

there is evidence supporting the divorce itself but no evidence to support the property division, we affirm in part and reverse and remand in part.

## Background

Barbara and Frederick were married in July 2021. Barbara filed for divorce on January 27, 2023. In her petition, she claimed as separate property (1) a residence located in Katy, Texas, that she purportedly owned before the marriage, (2) a vehicle, and (3) various household furnishings. A constable served Frederick, who was in Harris County Jail at the time, with the original petition for divorce. Frederick filed a counter-petition, requesting an evidentiary hearing to determine, among other things, "property rights." In his counter-petition, he objected "to any property claims that the petitioner makes" and claimed he was entitled to the Katy property and the vehicle due to Barbara's purported "aggravated forgery and conspiracy."

At the trial on Barbara's petition for divorce, Barbara testified as follows:

> My name is Barbara Winfield-Pugh. I reside . . . in Galveston County, Texas. I am married to . . . Frederick Louis Pugh. Prior to the filing of this divorce action, I resided in the State of Texas for at least six months and in Galveston County for at least three months.

> The respondent was served with citation and has not filed an appearance.

> I was married to the respondent on July 21st, 2021. The respondent and I ceased to live together on or about September the 17th, 2021. The marriage has become insupportable because of discord and conflict of personalities between me and the respondent which render further living together impossible. There is no hope of reconciliation.

> There were no children born or adopted to this marriage. I am not now pregnant.

> The respondent and I have not acquired any community property, and each will keep any personal property in their possession.

> I would like to have my name changed to Barbara Winfield-Ford. I am asking the Court to grant me a divorce.

This is the extent of Barbara's evidence in support of the divorce decree. Frederick did not appear at the hearing.[1]

The trial court signed the final divorce decree on June 21, 2023. The decree confirms as Barbara's separate property: (1) the Katy residence; (2) the vehicle; and (3) various bank accounts. The court also awarded Barbara the following community property: "any and all furniture, clothes, and all misc. items" located at an apartment in Texas City, Texas. Finally, the decree ordered Frederick to pay the balance owed on a Conn's account, in the amount of $2,012.00, and a "wedding balance," in the amount of $5,054.00. These debts are listed as "not in husband's name alone."

Frederick timely noticed his appeal.

## Analysis

Frederick contests only the court's property division, not the divorce. In his first issue, he contends the trial court abused its discretion in awarding money and property to Barbara because he filed a counter-petition for divorce. Additionally, citing Family Code section 6.701, Frederick argues that Barbara's petition may not be taken as confessed even if he failed to answer. In his second issue, he contends that the trial court abused its discretion because there was no evidence of Barbara's "money and property claims . . . produced of record," and that there was nothing before the court warranting a ruling that he should be "liable for any monies, debts

---

[1] In the final paragraph of his counter-petition, Frederick asked the trial court to issue a bench warrant so that he could be present for an evidentiary hearing. Because a prisoner has no absolute right to be present in a civil action, however, a prisoner requesting a bench warrant must justify the need for his presence. *See In re Z.L.T.*, 124 S.W.3d 163, 166 (Tex. 2003). Frederick did not identify or discuss any information by which the court could assess the necessity of his appearance, and the trial court accordingly did not abuse its discretion in implicitly denying his request. *Id.* at 165-66.

nor properties." We construe his first two issues as a complaint that that there is legally insufficient evidence to support the trial court's property division.[2]

We review property-division issues for abuse of discretion. *See Stafford v. Stafford*, 726 S.W.2d 14, 16 (Tex. 1987); *Bell v. Bell*, 513 S.W.2d 20, 22 (Tex. 1974); *Barras v. Barras*, 396 S.W.3d 154, 164 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). In our review, we must consider whether the court had sufficient information upon which to base its discretion. *Willis v. Willis*, 533 S.W.3d 547, 551 (Tex. App.—Houston [14th Dist.] 2017, no pet.). A trial court does not abuse its discretion if there is some substantive and probative evidence to support the decision. *Barras*, 396 S.W.3d at 164. A trial court will abuse its discretion in dividing the marital estate, however, if insufficient evidence supports its division. *Fuentes v. Zaragoza*, 555 S.W.3d 141, 162 (Tex. App.—Houston [1st Dist.] 2018, no pet.).

The scope of the allegations in a divorce petition deemed admitted by a failure to answer is limited by Family Code section 6.701, which provides: "In a suit for divorce, the petition may not be taken as confessed if the respondent does not file an answer." Tex. Fam. Code § 6.701; *see also Cohen v. Bar*, 569 S.W.3d 764, 771 (Tex. App.—Houston [1st Dist.] 2018, pet. denied). Therefore, in a divorce case, even if the respondent does not file an answer, the petitioner must present proof to support the material allegations in the petition. *Matter of Marriage of Williams*, 646 S.W.3d 542, 545 (Tex. 2022); *Fuentes*, 555 S.W.3d at 163; *cf. Vazquez v. Vazquez*, 292 S.W.3d 80, 83-84 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *Osteen v.*

---

[2] Frederick is self-represented in this appeal. All rules of appellate procedure apply to him, *Reule v. M & T Mortg.*, 483 S.W.3d 600, 608 (Tex. App.—Houston [14th Dist.] 2015, pet. denied), yet we construe his brief liberally to reach the merits of his issues when possible. *See Harrison v. Reiner*, 607 S.W.3d 450, 457 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) (citing *Weeks Marine, Inc. v. Garza*, 371 S.W.3d 157, 162 (Tex. 2012)).

*Osteen*, 38 S.W.3d 809, 814 (Tex. App.—Houston [14th Dist.] 2001, no pet.). Accordingly, an evidentiary challenge to a default property division may be raised on appeal even when the respondent does not appear at trial and no motion for new trial has been filed. *See Williams*, 646 S.W.3d at 544-46.

The Family Code establishes a presumption that property possessed by either spouse during or at the dissolution of marriage is community property. Tex. Fam. Code § 3.003(a). A spouse may rebut this presumption by providing clear and convincing evidence of the property's separate character. *Id.* § 3.003(b); *see Graves v. Tomlinson*, 329 S.W.3d 128, 139 (Tex. App.—Houston [14th Dist.] 2010, pet. denied). The clear and convincing standard is not satisfied by testimony that property possessed at the time the marriage is dissolved is separate property when that testimony is contradicted or unsupported by documentary evidence tracing the asserted separate nature of the property. *Graves*, 329 S.W.3d at 139. The community property presumption applies both to assets and liabilities. *Viera v. Viera*, 331 S.W.3d 195, 204 (Tex. App.—El Paso 2011, no pet.); *Sprick v. Sprick*, 25 S.W.3d 7, 13 (Tex. App.—El Paso 1999, pet. denied).

Barbara presented no probative evidence to support the trial court's property division contained in the divorce decree. For example, she did not testify that she acquired the Katy property and the vehicle before her marriage or that she received them as a gift or inheritance during the marriage.[3] She did not offer any documents

---

[3] Although Barbara stated that she and Frederick had not "acquired any community property," this conclusory statement is insufficient to rebut the community property presumption. *See Graves*, 329 S.W.3d at 139; *accord Vasquez*, 292 S.W.3d at 85-86 ("Maria's testimony was limited to the mere fact that she had signed the final decree concerning the division of marital property, and she thought it was fair and equitable. She did not testify regarding the basis for her opinion that the proposed division was just and right, and the record does not reflect any specifics regarding the nature or value of the property or debts. Therefore, Maria's testimony is insufficient."); *Barry v. Barry*, 193 S.W.3d 72, 75-76 (Tex. App.—Houston [1st Dist.] 2006, no pet.) ("As to the division of property, the testimony at trial only showed that [petitioner] requested the division of property as it was given, without testifying how this was a just and right division.

5

demonstrating title to those assets. Nor did she provide any testimony related to the bank accounts that the trial court confirmed as her separate property. We conclude her limited testimony is legally insufficient to overcome Texas's community property presumption. *Accord Cohen*, 569 S.W.3d at 774-75 (holding that sparse and inconsistent evidence regarding purported separate property was insufficient to support trial court's confirmation of separate property); *Graves*, 329 S.W.3d at 139 (explaining that spouse claiming separate nature of property generally must trace and clearly identify property claimed to be separate; "Tracing involves establishing the separate origin of the property through evidence showing the time and means by which the spouse originally obtained possession of the property"). And Barbara did not testify regarding the debts that the trial court ordered Frederick to pay, such as providing evidence that Frederick incurred these debts before their marriage or that the creditors agreed to look solely to Frederick's separate estate for satisfaction. *E.g.*, *Sprick*, 25 S.W.3d at 13.

Thus, we must conclude that Barbara did not present evidence supporting the allegations in her divorce petition concerning the characterization of presumptively community property as her separate property, nor did she provide any evidence regarding the debts the decree orders Frederick to pay. This property and these debts are presumed to be community property absent clear and convincing evidence to the contrary. Under these circumstances, the trial court abused its discretion in confirming Barbara's separate property and dividing the parties' property and debt. *Cf. Gonzalez v. Gonzalez*, 679 S.W.3d 221, 232 (Tex. App.—Houston [1st Dist.] 2023, no pet.) (en banc) ("Because the trial court had no evidence properly before it concerning the value of the parties' marital estate, we conclude that there is

---

This was insufficient."); *O'Neal v. O'Neal*, 69 S.W.3d 347, 350 (Tex. App.—Eastland 2002, pet. denied) (trial court abused its discretion in dividing marital estate where there was, *inter alia*, no evidence that real property was appellee's separate property).

insufficient evidence to support the court's property division."); *Cohen*, 569 S.W.3d at 774-75; *Vasquez*, 292 S.W.3d at 85-86; *Barry*, 193 S.W.3d at 75-76; *O'Neal*, 69 S.W.3d at 350.

Accordingly, we sustain Frederick's challenge to the sufficiency of the evidence to support the trial court's division of the marital estate. We need not consider his third issue in which he seeks the same relief. *See* Tex. R. App. P. 47.1.

**Conclusion**

We affirm the portion of the judgment that dissolves the marriage between Frederick and Barbara and orders Barbara's name changed to Barbara Winfield-Ford. However, we reverse the portion of the trial court's judgment that divides the parties' marital estate, and we remand that issue for a new trial.

/s/     Kevin Jewell
          Justice

Panel consists of Chief Justice Christopher and Justices Wise and Jewell.

7